## WILLIAMS vs. BRUNSON.

PLEADING.    *Complaint for moneys paid defendant to plaintiff's use.*

1. Where a plaintiff does not state the facts constituting his cause of action, as required by the code, but resorts to the old system of pleading, his complaint must be good when tested by the rules of that system, or it will be demurrable.

2. A complaint merely avers that at certain specified times the defendant received from plaintiff's agent various sums of money to a specified amount, of the money and property of the plaintiff; that defendant, at the time of receiving such money, converted it to his own use; that, before the commencement of the action, plaintiff demanded payment thereof from defendant; and that defendant has not paid any part thereof, but is now justly indebted to plaintiff therefor in the sum named. *Held,* on demurrer, that no cause of action is stated.

3. The presumption from the *facts* stated is, that the money was delivered to defendant in payment of a debt due him; and the allegation that the defendant is indebted, etc., *is* of a mere conclusion of law.

4. *It seems* that if it had been further averred that defendant received said money *to the use of the plaintiff*, the complaint would have been good on demurrer.

APPEAL from the Circuit Court for *Crawford* County.

The complaint alleges, 1. That at sundry times between the 7th of September, 1872, and the 26th of October, 1875, at etc., the defendant received from John E. Sutton (who was then and there the agent and clerk of the plaintiff) sums of money to the amount of $1,005 of the money and property of the plaintiff. 2. That at the time of receiving said money, defendant converted it to his own use. 3. That thereafter, and before the commencement of this action, plaintiff demanded payment thereof from defendant. 4. That defendant has not paid any part of said moneys, but is now justly indebted to the plaintiff therefor in the said sum of $1,005, with interest thereon from the commencement of this action.

The defendant demurred to the complaint as not stating facts sufficient to constitute a cause of action; and he appealed from an order overruling the demurrer.

Briefs were filed, by *Stoneman & Chapin* and *Wm. Dutcher* for the appellant, and by *O. B. Thomas* for the respondent; and the cause was argued orally by *A. Chapin* and *Mr. Thomas*.

For the appellant it was contended, 1. That the complaint was not good as one for a wrongful conversion, because he did not show that defendant had not come lawfully into the possession of the money, or that any demand had been made upon him for it. 2 Chitty's Pl. (13th Am. ed.), 837; 1 id., 244; 2 Hilliard on Torts (2d ed.), 101; Van Santv. Pl., ch. 4, sec. 2, p. 277; *Spooner v. Holmes*, 102 Mass., 506; *Relyea v. Drew*, 1 Denio, 561, 563; *Wilbur v. Brown*, 3 id., 359, 360; *Cotton v. Sharpstein*, 14 Wis., 228; *Supervisors v. Decker*, 30 id., 633–4, 636. 2. That the complaint was insufficient as one for money had and received, because it alleged no facts to rebut the presumption that the money received by the defendant was in satisfaction of a debt due him. 2 Greenl. Ev. (4th ed.), § 112; *Babb v. Mackey*, 10 Wis., 376–7; *Rogers v. Milwaukee*, 13 id., 610; *Lathrop v. Donaldson*, 22 Iowa, 236–7; *Trustees v. Hill*, 12 id., 475–6; *Swift v. Tyson*, 16 Pet., 1.

Under our system of pleading, all the facts from which a promise is to be implied should be stated in the complaint. *Aubert v. Walsh*, 4 Taunt., 293; *Cary v. Gerrish*, 4 Esp., 9; *Blanchard v. Strait*, 8 How. Pr., 86; *Wood v. Anthony*, 9 id., 79, 80; *Eno v. Woodworth*, 4 Coms., 253; Van Santv. Pl., 249, 250, 252, 259, and cases there cited. Even in the old form in *indebitatus assumpsit*, an allegation that the money was received *to the plaintiff's use*, was essential. 2 Chitty's Pl. (11th Am. ed.), 87; *Grannis v. Hooker*, 29 Wis., 65.

For the respondent it was contended, 1. That the facts which would be proven under the complaint would show that the money was wrongfully received and converted by the defendant. From these facts the law presumes that he received the money to plaintiff's use, and should account to him for it and pay back on demand. The plaintiff, however, may waive the tort and sue for money had and received, as he has here done. *Harpending v. Shoemaker*, 37 Barb., 271; *Byxbie v. Wood*, 24 N. Y., 607, 610. 2. That the complaint is sufficient as one for money had and received, containing all that was required in a common count for money had and received in a declaration in assumpsit under the old practice, except that it omits the presumption of law and implied promises which were required by the old practice to be stated, and sets forth only the facts, as required by the code. *Grannis v. Hooker*, 29 Wis., 65.

COLE, J. It was practically admitted on the argument, by the counsel for the plaintiff, that the complaint did not state a cause of action in tort for conversion. But he insisted that the facts set forth showed a good cause of action for money had and received. It is objected by defendant's counsel, that no promise will be implied from the facts alleged, and that therefore a cause of action for money had and received is not stated. It seems to us the objection is well taken. We do not suppose a promise will be implied from the mere fact that

the defendant received the plaintiff's money. The presumption is, that the money was delivered in payment of a debt antecedently due. In *Yates v. Shepardson*, 39 Wis., 173–180, it was said that checks drawn by the defendant in favor of the plaintiff in different sums, which were paid, furnished no evidence that those sums were loans to the plaintiff. *Prima facie* they were only evidence of the payment by the defendant of debts due the plaintiff. The same rule applies here. *Prima facie* the inference from the receipt of the money by the defendant is, that it was a payment of a debt and nothing more. Nor do we think the subsequent language, that the defendant " is now justly indebted to the plaintiff therefor," is sufficient to overcome that inference or presumption. Those words state merely a conclusion of law arising upon the facts. If the facts show no indebtedness, it will not be implied from that language. In *Grannis v. Hooker*, 29 Wis., 65, a complaint which alleged in substance that the defendant had received a certain amount of money *to the use of the plaintiff*, according to the old form of a declaration in *indebitutus assumpsit*, was held sufficient. Had this complaint contained a like allegation that the defendant received the money *for the use of the plaintiff*, a promise to pay would be implied in law. But it contains no such allegation, and nothing of an equivalent import. The code requires the facts constituting the cause of action to be stated. This is in order that the defendant may know the precise nature of plaintiff's claim, and have an opportunity to answer it. But if a party does not conform to the code, but resorts to the old system in any case, then his pleading must be good when tested by the rules which were applied to that system. It follows from these views that the demurrer to the complaint should have been sustained. The order of the circuit court must therefore be reversed, and the cause remanded for further proceedings according to law.

*By the Court.*—So ordered.