HUGH McCULLOCH, JOHN PULESTON, FRANCIS H.
EVANS and WILLIE RUSHTON, Successor to EDWIN
M. LEWIS, as Trustee, Plaintiffs and Respondents, v.
CHAUNCEY VIBBARD and ALEXANDER P. FISKE,
Defendants and Appellants, and EMERSON FOOTE.

*In an action, brought by several plaintiffs, the defendants cannot set up a counter-claim
that does not apply to all of the plaintiffs, or one which affects other persons not
parties to the action — the counter-claim cannot be set up against the assignee in bank-
ruptcy of the parties against whom it exists — it may be used as an offset in an action
brought by him — the defect of parties in such case need not be set up in the reply.*

Upon an appeal from a judgment dismissing a counter-claim set up by the
defendants, in an action brought by the firm of Jay Cooke, McCulloch
& Co., against the defendants, as members of the firm of Vibbard, Foote &
Co., to recover certain moneys claimed to be due from the defendants, and
for certain other relief, the complaint alleged that the plaintiffs McCulloch,
Puleston and Evans, together with the individual members of the firm of Jay
Cooke & Co., were copartners, carrying on business in London under the firm
name of Jay Cooke, McCulloch & Co.; that the members of the firm of Jay
Cooke & Co., doing business in New York, were adjudicated bankrupts
under the provisions of the act of congress, and that the plaintiff Lewis was
appointed trustee, under such act, of all their property and assets, and that, at the
time of the commencement of this action, he was still such trustee. The individual
members of the firm of Jay Cooke & Co. were not parties to the action, and no
objection was taken by the pleadings to their absence, it being assumed that
Lewis, as their assignee in bankruptcy, represented their interest in the firm of
Jay Cooke, McCulloch & Co.

The defendants Vibbard and Fiske answered setting up a counter-claim against
Jay Cooke, McCulloch & Co., and asking an affirmative judgment, by way of
counter-claim, for the value of certain securities alleged to have been hypothe-
cated and disposed of by the said firm, to which the plaintiffs put in a reply
denying the allegations setting up the counter-claim.

Upon the trial of the action before a referee the plaintiffs submitted to a nonsuit,
and the defendants offered certain proof to establish their counter-claim, which
was rejected upon the ground that the proper parties were not before the court,
and that no counter-claim could be established in this action as against the
plaintiffs.

*Held,* that his decision should be affirmed.

That, in an action brought by several plaintiffs, the defendants cannot set up as a
counter-claim a cause of action which they have against one or two of such
plaintiffs, but can only set up, by way of counter-claim, a cause of action which
they have against all the plaintiffs, nor, in a case where there is an individual
plaintiff, can the defendants set up, as a counter-claim against him, a cause of

action which they have against the plaintiff and another person who is not a party to the action.

That, as in this case, Vibbard, Foote & Co., claimed to have a cause of action against Jay Cooke, McCulloch & Co., and only three of the many members of the firm of Jay Cooke, McCulloch & Co. were plaintiffs in this action, it was an attempt to enforce a counter-claim against these three plaintiffs alone, when there were various other persons, who were not parties to the action, who were jointly liable with them; and that it could not be sustained.

That a claim that the assignee in bankruptcy of Jay Cooke & Co. was a party plaintiff and represented the absent parties, and that, therefore, there was no defect of parties, could not be sustained, as the assignee in bankruptcy could not be sued, and as, if this had been an action brought by the defendants against Jay Cooke, McCulloch & Co., the assignee in bankruptcy would not have been a proper party thereto.

That, as the assignee in bankruptcy was the assignee of these individual parties, and represented their interests which had been assigned to him, he was a proper party to the action to enforce the rights which those individual members had in the cause of action which it was sought to maintain; and as far as the cause of action, set up in the answer, might be treated as an offset, the defendants had the right to maintain it against the assignee, and to use the same for the purpose of an answer to the claim made by him against them.

It was urged that because the plaintiffs in their reply did not raise the objection that there was a defect of parties, in that the individual members of the firm of Jay Cooke & Co. were not parties, it was waived.

*Held,* that such an allegation by the plaintiffs would have been of no avail, as the alleged counter-claim was properly set up as an offset. (MACOMBER, J., dissenting on the ground that the defect of parties should have been set up in the reply.)

APPEAL from so much of a judgment, entered in the office of the clerk of the city and county of New York on May 16, 1887, as dismissed a counter-claim interposed by the defendants to the complaint.

*B. F. Tracy* and *H. Brodhead,* for the appellant.

*William Man,* for the respondent.

VAN BRUNT, P. J.:

This was an action brought by the firm of Jay Cooke, McCulloch & Co. against the defendants, as members of the firm of Vibbard, Foote & Co., to recover certain moneys alleged to be due from the defendants to them, and for certain other relief. The complaint alleged that the plaintiffs, Hugh McCulloch, John H. Puleston and Francis H. Evans, together with the individual members of the firm of Jay Cooke & Co., were copartners carrying on business in London

under the firm name of Jay Cooke, McCulloch & Co.; that the members of the firm of Jay Cooke & Co. doing business in New York were adjudicated bankrupts under the provisions of the act of congress, and that the plaintiff Lewis was appointed trustee, under such act, of their property and assets, and at the time of the commencement of this action was still such trustee. The plaintiffs were the said Hugh McCulloch, John H. Puleston, Francis H. Evans and Edwin M. Lewis. The individual members of the firm of Jay Cooke & Co. were not parties to the action, and no objection was taken by the pleadings to their absence, it being seemingly assumed that Lewis, as their assignee in bankruptcy, represented their interests in the firm of Jay Cooke, McCulloch & Co.

The defendants Vibbard and Fiske answered, setting up a counter-claim against Jay Cooke, McCulloch & Co., and asking an affirmative judgment by way of counter-claim for the value of certain securities alleged to have been hypothecated and disposed of by said Jay Cooke, McCulloch & Co. It is not apparent, from the answer, against whom this judgment is demanded, but it is presumably against Jay Cooke, McCulloch & Co. The plaintiffs put in a reply denying the allegations setting up a counter-claim. The case, by consent, was referred, and coming on to be heard before the referee the plaintiffs submitted to a nonsuit; and the defendants offered certain proofs to establish their counter-claim, such proof being objected to upon the ground that the proper parties were not before the court, and that no counter-claim could be established in this action as against any of the plaintiffs. At the end of the defendants' case, the referee sustained the objection and dismissed the counter-claim for want of necessary parties to determine the merits, to wit, by reason of the absence of the members of Jay Cooke & Co. From the judgment thereupon entered this appeal is taken. Although, at first, the question to be determined upon this appeal seems to be involved in considerable difficulty and obscurity, yet when we consider the difference between offsets, as they were formerly called, and counter-claims, and when we consider the nature of the cause of action set up by the defendants by way of counter-claim, a satisfactory solution of the questions involved seems to be easily reached.

In order to sustain a counter-claim it must be a cause of action

which the defendants have a right to enforce against the plaintiff or plaintiffs. In an action brought by several plaintiffs the defendants cannot set up as a counter-claim a cause of action which they have against one or two of such plaintiffs, but can only set up by way of counter-claim a cause of action which they have against all the plaintiffs. Neither, in case there is an individual plaintiff, can the defendant set up as a counter-claim against this individual plaintiff a cause of action which he has against this plaintiff together with some other person who is not a party to the action. Applying these principles to the case at bar, Vibbard, Foote & Co., the defendants, claim to have had a cause of action against Jay Cooke, McCulloch & Co. Only three members of the many of the firm of Jay Cooke, McCulloch & Co. were plaintiffs in this action; and, therefore, it was an attempt upon the part of Vibbard, Foote & Co. to enforce a counter-claim against these three plaintiffs, when there were various other persons who are not parties to the action who were jointly liable with them. This, it is clear, under the rule which has been suggested. and which has been supported by the Court of Appeals in the cases of *Cummings* v. *Morris* (25 N. Y., 625) and *Waddell* v. *Darling* (51 id., 331), cannot be done. It may be urged that the representative of the other members of the firm of Jay Cooke, McCulloch & Co., namely, the assignee in bankruptcy of Jay Cooke & Co., is a party plaintiff and represents the absent parties, and, therefore, there is no defect of parties. But as the assignee in bankruptcy cannot be sued, and as, if this was an action brought by the defendants against Jay Cooke, McCulloch & Co., the assignee in bankruptcy would not be a proper party, his presence in no way removes or remedies the difficulty. The assignee in bankruptcy is the assignee of these individual parties and represents their interests which have been assigned to him. He, therefore, is a proper party to an action to enforce rights which those individual members have in the cause of action which it is sought to maintain; and as far as the cause of action set up in the answer may be treated as an offset, the defendants have the right to maintain it against the assignee, and to use the same for the purpose of an answer to the claim made by him against them. But it can have no further effect. There cannot be any affirmative judgment against the assignee. All that the claim in question set up by defendants in their answer

can be used for, is to offset the claim made by the assignee and by the other members of the firm of Jay Cooke, McCulloch & Co. Here we see the distinction between the offset and the counter-claim. The offset may be used for the purpose of extinguishing the claim of the plaintiff; but it can afford no basis for an affirmative judgment. The counter-claim, upon the other hand, is a cause of action existing in favor of the defendants against the plaintiffs, and upon which an affirmative judgment can be rendered.

It has been suggested that because the plaintiffs in their reply did not raise the objection that there was a defect of parties in that the individual members of the firm of Jay Cooke & Co. were not parties, that, therefore, it is waived. Such an allegation by the plaintiffs in their reply would have been of entirely no avail. The alleged counter-claim was properly set up as an offset. The fact that the individual members of the firm of Jay Cooke & Co. were not parties to the action did not affect its validity as an offset. It is only when it is urged as a counter-claim that the necessity for their presence appears. And, therefore, it having been alleged in a manner in which it might be considered as an offset, there was not apparent upon the face of the answer any defect of parties which made the pleading defective.

It would appear, therefore, that the ruling of the referee which was finally made, although at a pretty late date considering the promptitude with which the objection was taken, was correct.

The judgment should be affirmed, with costs.

Van Brunt, P. J., and Brady, J., concurred.

Macomber, J. (dissenting):

I find myself unable to concur in the opinion of the presiding justice in this case. The answer set up, distinctly and unequivocally, a large counter-claim against the old firm of Jay Cooke, McCulloch & Co., composed of ten or a dozen persons, three of whom only are among the plaintiffs. It was incumbent upon the plaintiffs to reply to this counter-claim, which they accordingly did, but they did not in such reply allege that there was a defect of parties, in that all of the persons against whom the counter-claim was made were not before the court nor any other reply in the nature of a plea in abatement. Notwithstanding this, however, the referee

has overruled or dismissed the counter-claim upon the ground that all of the old firm of Jay Cooke, McCulloch & Co. were not among the plaintiffs.

In my judgment this conclusion is clearly erroneous. The particular purpose of the Code of Civil Procedure in respect to counter-claims and the issues to be framed thereon, is adjusted as nearly as possible to the rights and duties of a defendant in pleading any defense to the plaintiff's original cause of action. If the defendant set up a cause of action against the plaintiff by way of counter-claim, and the plaintiff does not reply thereto by interposing a plea in abatement, that is to say, that the defendant ought not to have or maintain his counter-claim because the proper parties are not before the court, the plaintiff must be governed by the same rules precisely as govern the defendant who, under like circumstances, fails to interpose this objection to a right of recovery. As the objection that the defendants have copartners who ought to be called upon to respond jointly with them, is a defense which must be specially alleged, so the corresponding objection as a defense to a counter-claim must likewise be alleged, which was not done in this case.

The judgment should be reversed and a new trial granted, costs to abide the event.

Judgment affirmed, with costs.