CHARLES BLOOD, RESPONDENT, v. SARAH S. KANE, APPELLANT.

*A counter-claim, existing in favor of a decedent, cannot be set up by his executrix in an action brought against her individually.*

In an action, brought to recover the sum of eighty-five dollars for furnishing a casket and for the burial of the body of her husband, the defendant set up in her answer a counter-claim, being an indebtedness upon an open account owing by the plaintiff to the defendant's husband in the lifetime of the latter. It appeared that the contract for her husband's burial was made by the defendant individually, and not as the executrix of her husband's will.

*Held*, that as the defendant had no title to or interest in the alleged counter-claim, except as she obtained the same by virtue of the letters testamentary issued to her, the counter-claim was not available to her in this action.

*Barlow* v. *Myers* (24 Hun, 286) distinguished.

APPEAL from a judgment of the County Court of Chautauqua county, entered upon the report of a referee, in the office of the clerk of Chautauqua county, August 9, 1888.

*Stearns & Kinsley*, for the respondent.

*Holt & Holt*, for the appellant.

MACOMBER, J.:

The action is brought to recover the sum of eighty-five dollars for furnishing a casket and for the burial, etc., of the body of one James Kane, the husband of the appellant, and also to recover the sum of twenty-five dollars for like services rendered in behalf of the appellant for the removal of the body of her brother from the cars to the respondent's rooms, and for the use of a hearse therefor.

No question seems to have been raised in regard to the promise of the appellant to pay for the services rendered by the respondent to her deceased brother, and she is consequently liable for the amount (ten dollars) allowed by the referee therefor. The appellant set up in her answer a counter-claim, being an indebtedness upon an open account, owing by the respondent to the appellant's husband in the latter's lifetime. The referee has rejected all evidence of this

alleged counter-claim on the ground that the same is not available to her in this action, which is against her individually, and not as the executor of her late husband's last will, and has given judgment for the further sum of eighty-five dollars asked for in the complaint, with interest from the time the services were rendered. There is no evidence in the case, as made up, that the defendant undertook by her agreement to make compensation for the plaintiff's services out of the estate of her husband only; on the contrary, she appears absolutely to have contracted individually for such payment. The only question, therefore, in the case is whether, having undertaken individually to pay the debt, and the action being against her individually, and not as the personal representative of her husband's estate, it is competent for her to defeat the plaintiff's claim, in whole or in part, by the counter-claim set up in the answer. The counter-claim (Code, § 501) must be itself a complete cause of action, in favor of the defendant against the plaintiff, existing at the time of the beginning of the action. (*Mayo* v. *Davidge*, 44 Hun, 342; *Matter of Hill*, 17 Abb. N. C., 273.) The defendant had no title to or interest in the alleged counter-claim, except as she obtained the same by virtue of letters testamentary to her. The open book account could not pass title to her by mere delivery of it, and for that reason this case is distinguishable from the case of *Barlow* v. *Myers*, (24 Hun, 286). The true test is, in this instance, could the defendant have brought an action against the plaintiff to recover upon the indebtedness owing to her husband without alleging and proving that she had acquired, by virtue of the will and of letters testamentary, title to the account. Section 1814 of the Code of Civil Procedure requires an action to be brought in the representative capacity of the party when the cause of action is held by him as executor or administrator. (See, also, *Bucklin* v. *Gallup*, 105 N. Y., 453.)

The judgment appealed from should be affirmed, with costs.

BARKER, P. J., and DWIGHT, J., concurred.

Judgment affirmed.