GriLDERSLEEVE, J.
The material allegations of' the complaint are that the defendant Power made two promissory notes, dated February 1, 1893, payable to his own order, one for $2,120, at twelve months, and the other for $2,160, at sixteen months ; that Power indorsed and delivered both notes to the defendant Thurber; *433 that Thurber thereupon indorsed the notes, and that they came to the possession of plaintiff.
The answer sets up three counterclaims, to which plaintiffs demur chiefly on the grounds: First, that they are not sufficient in law; second, that they are not.of the character specified in section 501 of the Code, because (1) they are not causes of action against the plaintiffs, nor (2) in favor of defendants, or one or more of them between-whom and plaintiffs a separate judgment may be had in the action. Another ground is stated, but it will not be necessary to consider it.
The allegations of the first counterclaim are, substantially, that on January 25 and February 1,1893, Roldan, one of the plaintiffs, was a special partner in the firm of De Losada & Co., who, at the ■former date, sold to the defendant Power their publication business, and the accounts and good will relating thereto, with certain exceptions; that both of the notes in question were delivered to De Losada & Go., while Roldan was a member of that firm, pursuant to the agreement of sale; that after the delivery of the notes to De Losada & Co., and before the commencement of this action, that firm collected $495.56 due to said business so sold, which moneys they did not deliver or account for to Power; and that the notes in question, if ever transferred to the plaintiffs by De Losada & Co., were transferred without consideration.
The second counterclaim is pleaded as follows: That after the making and delivery of the notes in suit to De Losada & Co., and while that firm had thém, and before this action was commenced, De Losada & Co. were indebted to the Thurber-Whyland Company, a corporation, for money had and received - from that company by De Losada & Co., in a balance of $2,062.46 over and above the cost of certain advertising done for that company by De Losada & Co.; that this claim “ has been assigned to, and is now owned by, the defendants ”; and that the notes, if ever transferred to the plaintiffs by De Losada & Co,, were transferred without consideration.
The third counterclaim is pleaded as follows: That in and by the bill of sale made by De Losada & Co., to Power, of “ said business and journal,” that firm and each and all of the partners agreed that, as far as possible, they would, transfer to Power the good will and connection of the “ said publication business ”; that after the notes had been delivered to De Losada' & Co., and while they still held them, they violated their contract with Power, and interfered with such connection, business, and good will, to defendants’ damage in $2,000.
I think the demurrer is well taken, and should be sustained on the grounds: First. That the counterclaims are all insufficient in law. Second. They are not of the character specified in section 501 of the Code, not being causes of action against the plaintiffs, nor in favor of the defendants, or one of them, between whom and the plaintiffs a separate judgment thereon may be had in this action. Although these counterclaims are set up in connection with certain denials and averments designed to raise an issue of fact, yet, in *434 disposing of the demurrer, the counterclaims must be isolated from all other parts of the answer, and treated as if each counterclaim stood alone and constituted the whole defense to the action; for good pleading requires that each of several counterclaims shall be complete in itself, unaided by the denials.or allegations of any other part of the answer in-which it is set up, unless suitable reference is made thereto. Cregin v. Lovell, 88 N. Y. 258 ; McKenzie v. Fox, 29 St. Rep. 106; Reiners v. Brandhorst, 59 How. Prac. 91; 2 Wait. Prac. 332. Tested by this rule, the first counterclaim is insufficient for the following reasons :
First. The sale of the business, accounts, etc., by De Losada &, Go. to Power, was subject to “certain exceptions,” and it does not, appear but that the $495.56 collected by them was included in those “exceptions.” The pleader- should have negatived, by properaverments, the inference that this might have been the fact. Without such averments, his assignment of a breach of the contract was-fatally defective. The pleader should also have alleged that the-collections in question were wrongfully made. A counterclaim must be pleaded as an independent cause of action. Rice v. Grange, 131 N. Y. 149 ; 42 St. Rep. 747.
Second. The notes are alleged to have been delivered to De Losada & Go. “pursuant to the agreement of sale,” but it does not appear whether the contract, which embraced several items, was-entire or separable. It is essential that this should appear, for, if separable, some of the property sold having been delivered to-Power, the transfer of the notes was not wholly without consideration. There was, at most, a partial failure of consideration, and the notes would be good pro tanto in the hands of De Losada &- Go. or any subsequent holder, even assuming that they were originally without consideration.
Third. It is a very serious question whether such a claim, if Valid in other respects, could be enforced in this action against the-plaintiff Roldan, as he was a special partner, presumably by a limited copartnership. The statute in such case provides that in an action against a limited copartnership the special partner is not a necessary party, and probably he is not liable in any form of action as sole defendant, except where he is pursued on the ground of his strict statutory liability.
Fourth. But, if this counterclaim were well pleaded as to its-substantial facts, it cannot be allowed, because it is not a cause of' action against the plaintiffs, nor one upon which judgment could be rendered in this action between -Power and Roldan. The latter and the plaintiff Yan Sickel sue as copartners, and are not liable-jointly for an individual claim against one of them. Spofford v. Rowan, 124 N. Y. 108; 35 St. Rep. 65; McCulloch v. Vibbard, 51 Hun, 227; 21 St. Rep. 51; Campbell v. Sherman, 29 St. Rep. 156 ; Richards v. Reed, 26 N. Y. Supp. 540; Harrison v. Vanderbilt, 9 St. Rep. 810. The allegation of the copartnership of plaintiffs, not being denied in connection with the counterclaim, must be taken as true.
Fifth. Hypothetical pleading is bad, Goodman v. Robb, 41 Hun, 605 ; 5 St. Rep. 242, but if the notes were transferred to plaintiffs, *435 as defendants aver, without consideration, that is wholly immaterial, for two reasons: (a) The Code (section 502, subd. 2) provides for letting in a counterclaim in an action upon a promissory note where it is transferred after maturity only; (b) the defendants have not shown, in setting up the counterclaim, either that the notes, in their inception, were without consideration, or that they were transferred to De Losada & Co. without consideration. On the contrary, as above remarked, there does not appear to have been more than a partial failure of consideration. Besides, the allegations of the complaint being undenied in this connection, it must be assumed that the notes were valid in their inception, and that the plaintiffs now hold them. If so, the legal presumption, without any special averment, is that they received them in good faith, before maturity, and for value. These last considerations are fatal to this counterclaim, even if the preceding views should not be correct.
The second counterclaim is stated in terms so obscure that it is difficult to determine what cause ai action the pleader intended to set up. Certainly there is a great paucity of facts in its statement. Doubtless a party may, under our system, resort to the brief statement of a cause of action for money had and received, peculiar to the common counts under the former practice; but then he must allege more than is stated in this case. He must aver that the money was received to the use of thé defendant, and that defendant promised to pay. Here, even the meager requirements of the common-law practice are not met, and there is no attempt to comply with the rule of the Code requiring a plain statement of the facts constituting the cause of action. The only facts alleged are that De Losada & Co. were indebted to the Thurber-Whyland Company in a balance of money had and received from it over and above the costs of certain advertising done for the company by De Losada & Co. The terms of the agreement which may be supposed to have existed between the parties are not stated, and it is impossible for the court to say that the statement of the counterclaim imports any legal liability whatever on the part of De Losada & Co. This counterclaim is also subject to most of the criticism passed upon the first. An equally radical and fatal defect in this counterclaim is the omission to allege that the demand in question was assigned t > the defendants before the commencement of this action. Code, § 501, 'subd. 2 ; Mayo v. Davidge, 44 Hun, 342; 8 St. Rep. 844; Blood v. Kane, 52 Hun, 225; 23 St. Rep. 298 ; Moody v. Steele, 3 St. Rep. 269.
In stating the third counterclaim the pleader evidently relied upon the aid of allegations contained in other parts of the answer to make out his cause of action. But, taking it by itself, as we must, it affords very slender information regarding the transaction therein referred to. Assuming, however, that the statement of the cause of action is good in all other respects, it fails to assigns sufficiently a breach of the contract in question. To allege merely that De Losada & Co. “broke and violated their contract” by interfering with “such connection” (whatever that may mean), to the damage of defendants in $2,000, does not satisfy the very moderate *436 demands of our liberal system of pleading. The grounds - upon which special damages are claimed must be specifically pleaded. This is elemental in the law of pleading. Beegmann v. Jones, 94 N. Y. 51; Havemeyer v. Fuller, 60 How. Prac. 316.
The statement of this cause of action is also liable to the objections already noted in the case of the other counterclaims. There is here no attempt whatever to impeach the validity of the notes in the hands of the plaintiffs; so that, if the pleading were faultless, it could avail the defendants nothing by way of counterclaim. The demurrer to each of the counterclaims should be sustained, with costs.