[Civ. No. 355.  First Appellate District.—August 24, 1908.]

## J. M. FOX, Respondent, v. JOHN DOE MONAHAN et al., Appellants.

MONEY HAD AND RECEIVED—PLEADING—APPROVED FORM OF COUNT.— The approved and usual form of count for money had and received consists in stating that the defendant is indebted to the plaintiff, or his assignor, in a certain sum ''for money had and received to the use of the plaintiff,'' or his assignor.

ID.—EQUITABLE NATURE OF ACTION—MONEY EARNED AND MISAPPROPRIATED — GENERAL DEMURRER TO COMPLAINT.— The action for money had and received will lie wherever it appears that the defendant has received money which in equity and good conscience he should pay to the plaintiff; and a complaint in such action, though departing from the usual form, which alleges that the money received was earned by plaintiff's assignors as their share of com-

missions from the sale of real estate, and was collected by the defendants and appropriated to their own use, states a sufficient cause of action for money had and received by the defendants to the use of plaintiff's assignors, as against a general demurrer.

Id.—Insufficient Second Count.—A second count in the complaint merely alleging that "defendants became indebted" to plaintiff's assignors in a certain sum, "money had and received by said defendants, at the special instance and request of defendants," without stating any facts showing directly or inferentially that the money was had or received for their use or benefit, states no cause of action, and a general demurrer thereto should have been sustained.

Id.—Presumption from Payment of Money—Money Due to Payee—Use of Payor not Presumed.—The statement of the mere fact that money was paid to the defendants by plaintiff's assignors raises no presumption or implication that it was so paid for the use of the payor; but, on the contrary, where money is paid by one person to another, the presumption is that it was due to the latter.

Id.—General Averment of Indebtedness—Conclusion of Law.—The general allegation of indebtedness states a mere conclusion of law, and is insufficient, in the absence of a statement of facts supporting such indebtedness.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Leon Samuels, for Appellants.

H. H. Davis, for Respondent.

HALL, J.—This is an appeal upon the judgment-roll from a judgment for plaintiff and against defendants in the sum of $346.65.

The complaint is in two counts, each of which was attacked by defendants by a general demurrer, which was by the court overruled as to each count, and it is this action of the court which is now chiefly relied on for a reversal of the judgment.

The first count, if good at all, sets forth a cause of action for money had and received by defendants to and for the use of plaintiff's assignors.   The point intended to be raised by the demurrer is that it is not alleged that defendant had or

received or collected the money sued for *for the use or benefit of plaintiff's assignors.*

In this respect it must be confessed that plaintiff's complaint is not a model of good pleading, and is a departure from the usual and approved form for a count for money had and received. The approved and usual form for this count is very simple, consisting simply in stating that the defendant is indebted to the plaintiff in a certain sum "for money had and received by the defendant to and for the use of plaintiff." (1 Chitty's Pleading, 16th Am. ed., 362.)

In the first count of plaintiff's complaint it is not expressly alleged that the money was had or received by defendants to or for the use of plaintiff's assignors, but it is alleged that the money was earned by plaintiff's assignors as their share of commissions from the sale of certain real property, and was collected by defendants and appropriated to their own use. It thus appears that defendants collected money belonging to plaintiff's assignors. Having collected money belonging to plaintiff's assignors, equity and good conscience required that they should pay it over to the parties entitled thereto. This they refused to do. The action for money had and received will lie wherever it appears that defendant has received money which in equity and good conscience he should pay to the plaintiff.

The count now under discussion is not in a form that is to be commended; but we think that in the face of an attack by general demurrer only it sufficiently appeared that the money sued for had been received for the use of plaintiff's assignor.

The demurrer to the second count, however, should have been sustained. In this count the allegations attacked are "That within the two years next last past and at the City and County of San Francisco, State of California, the said defendants became indebted to Fox-Valentine Company in the sum of fifty-five dollars, money had and received by said defendants from said Fox-Valentine Company, at the special instance and request of defendants." Here there is no allegation, either direct or inferential, that the money was had or received for the use or benefit of Fox-Valentine Company (plaintiff's assignor). The fact that the money was paid by Fox-Valentine Company to defendants raises no presumption or implication that it was so paid for the use of the payor.

On the contrary, where money is paid by one person to another the presumption is that it was due to the latter. (Code Civ. Proc., sec. 1963, subd. 7; *Williams* v. *Brunson,* 41 Wis. 418.)

In *Williams* v. *Brunson,* 41 Wis. 418, the allegations were to the effect that defendant had received from the clerk and agent of plaintiff sums of money to the amount of $1,005 of the money of plaintiff; that plaintiff demanded payment thereof of defendant, and that defendant has not paid any part thereof, but is now justly indebted to the plaintiff in the sum of $1,005. It was held that this stated no cause of action, and that a general demurrer should have been sustained.

In *State* v. *Sims,* 76 Ind. 328, the form of the allegation was the same as in the second count in the case at bar, and it was held that it stated no cause of action. (See, also, *Roldan* v. *Power,* 14 Misc. Rep. 480, [35 N. Y. Supp. 697].)

The general allegation of indebtedness is a statement of a mere conclusion of law, and is insufficient in the absence of a statement of facts supporting such indebtedness. (*McConoughey* v. *Jackson,* 101 Cal. 265, [40 Am. St. Rep. 53, 35 Pac. 863]; *Curtis* v. *Richards,* 9 Cal. 33; *California State Tel. Co.* v. *Patterson,* 1 Nev. 150 [reprint 124]; *Camplin* v. *Eads,* 15 Ky. Law Rep. 666, [24 S. W. 1068]; *Holgate* v. *Broom,* 8 Minn. 243; *Butts* v. *Phelps,* 79 Mo. 302; *Moore* v. *Hobbs,* 79 N. C. 535.)

There being in the second count no allegation, either direct or by implication, that the money was had or received for the use of plaintiff's assignors, the count stated no cause of action, and the general demurrer thereto should have been sustained.

Defendants also ask to have the judgment reversed, because the complaint was never amended by inserting the true name of the defendant sued under the fictitious name of John Doe Monahan; but as the judgment must be reversed for the reasons already stated, and the case remanded for further proceedings when the amendment may be made, it is not necessary to pass upon the merits of this contention. (But see *Alameda County* v. *Crocker,* 125 Cal. 101, [57 Pac. 766].)

Upon the return of the case to the trial court there will be no necessity for a retrial of the issue arising upon the first count of plaintiff's complaint, but the court may, after dis-

posing of such issues as may arise out of the second count, proceed to give judgment in accordance with the findings already made upon the issues arising out of the first count, and such findings as shall be made on the issues arising out of the second count.

The judgment is reversed, with directions to the trial court to sustain the demurrer to the second count of the complaint, with leave to plaintiff to amend his complaint as to such count if he shall so desire, and for further proceedings in accordance with the foregoing opinion.

Cooper, P. J., and Kerrigan, J., concurred.