## CHARLES F. JACKSON

*v.*

## EMMA E. JACKSON.

*Opinion filed June 14, 1906.*

DEEDS—*when deed based on consideration of marriage will not be set aside.* A deed based on the consideration of marriage, which was lawfully consummated between the parties, will not be set aside because the grantee broke her alleged promise to be a kind and dutiful wife, to use the property for the benefit of both and to support the grantor in his old age. (*Hursen* v. *Hursen*, 212 Ill. 377, distinguished.)

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

EDWARD O'BRYAN, and CARL T. MURRAY, for appellant.

JOHN LEO FAY, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed by the appellant against the appellee, in the superior court of Cook county, to set aside a deed made by the appellant to the appellee on March 23, 1904, to certain improved real estate situated in the city of Chicago, and which deed was recorded in Cook county. The case was tried in open court and a decree entered dismissing the bill for want of equity, and this appeal has been prosecuted to reverse said decree.

The appellant, at the time of the execution of the said deed, was a widower sixty-three years of age and the appellee a widow about twenty years his junior. About a year and six months prior to the date of the deed, the parties, in company with an adopted daughter of each, set up housekeeping in a house located upon a part of the property conveyed by said deed. Soon thereafter the appellant proposed marriage to the appellee. The appellee declined to entertain

his proposition of marriage unless he would convey to her his real estate, which consisted of two twenty-five foot lots, one of which was improved with a flat-building and the other with a small cottage, and which were of the value of about $9000 and were encumbered by a mortgage to the amount of $4000. While the appellant appears to have been exceedingly anxious to marry the appellee, he declined for a time to accede to her demands as a condition precedent to their marriage. In the meantime a man more nearly the age of appellee commenced to pay her attention, when the appellant again pressed his suit, whereupon the appellee said to him he knew her terms, and if he would comply therewith she would marry him. The appellant then agreed to convey said real estate to the appellee if she would send her other suitor away and marry him. Then they went to a lawyer, who prepared a deed from appellant to appellee conveying to her said property; also a release to appellee from appellant of all interest in her property, present and future, and all claim upon her for support, and the same were executed by appellant and delivered to appellee and the deed was recorded. Within a few days the parties were married and their relation for a time was harmonious. Within a few months, however, trouble arose between the appellee and the adopted daughter of appellant. The appellant espoused the cause of his adopted daughter, and trouble having occurred between the appellant and appellee, he demanded of appellee that she re-convey to him the real estate which he had prior to their marriage conveyed to her. The appellee declined to comply with the demand of the appellant, and from that time forward the quarrels and bickerings between the parties increased. The appellee at one time left the appellant and remained away from him two weeks. They then were reconciled and she returned to their home, where she remained for a time, when the parties had further trouble and again separated, and the appellant filed this bill and the appellee filed a bill against him for divorce. The cases were

consolidated, and upon the hearing the bill for divorce was also dismissed.

The theory of the appellant is, that at the time he made said deed to the appellee she agreed not only to marry him, but that she would be a kind and dutiful wife to him, and that she would use the property and the income thereof for the benefit of both and for the maintenance of appellant in his old age, and that subsequent to their marriage she repudiated said agreements by mistreating the appellant and his adopted daughter, and by claiming to be the absolute owner of said real estate free from any claim or interest therein of the appellant. The record clearly shows that the consideration for said deed was the agreement of appellee to marry appellant, and that a lawful marriage was consummated between the parties shortly after the execution and delivery of the deed. It is uniformly held that marriage is a good consideration for a deed. In *Otis* v. *Spencer*, 102 Ill. 622, on page 630, this court said: "Marriage, from the earliest period of the common law, has ever been held to be a sufficient consideration to support a conveyance of land, and such conveyances have ever been regarded as entitled to as full protection as conveyances made on the most ample pecuniary considerations."

It is, however, urged that appellee, at the time she received the deed, promised to be a kind and dutiful wife, and to use the property for the joint benefit of herself and the appellant and to support the appellant in his old age, and that she having failed to keep said agreements the consideration for said deed had failed, and that the presumption obtains that the appellee obtained the title to said premises with the fraudulent intent to deprive appellant of his title thereto, and that he was entitled to a decree rescinding said deed and restoring the title to said premises to him. If the contention of the appellant was borne out by the record there would be only a partial failure of consideration, and a court of equity will not ordinarily decree a rescission of a contract

where there is only a partial failure of consideration. (*Selby* v. *Hutchinson*, 4 Gilm. 319; *Leopold* v. *Salkey*, 89 Ill. 412; *Ballance* v. *Vanuxem*, 191 id. 319.) Especially is this true where the party against whom rescission is sought cannot be placed *in statu quo*. (*Doane* v. *Lockwood*, 115 Ill. 490.) We think it clear from an examination of the testimony found in this record that the appellant agreed to convey the property in question to the appellee in consideration that she would marry him; that he made the conveyance freely and voluntarily, and that after the conveyance was made a marriage was consummated between them in pursuance of their agreement, which existed at the time the deed was executed, and that they lived happily together for a time, when they disagreed, and that after the disagreement occurred between them the appellant insisted that the property be reconveyed to him. Whether there was any consideration other than that of marriage moving from the appellee to the appellant for the conveyance, and whether said consideration had failed, were questions of fact upon which the testimony was conflicting. The chancellor heard and saw the witnesses, and was in a better position than we to determine where the truth rested. While the appellant was perhaps foolish to part with his property, he appears to have advisedly done so, and he is not now in a position to reclaim it, as he cannot restore the appellee to the unmarried state in which he found her at the time he conveyed the title to her.

It is insisted by the appellant that the case of *Hursen* v. *Hursen*, 212 Ill. 377, is decisive of this case. The deed set aside in that case was one between husband and wife and was without consideration, and its execution was obtained through fraud practiced upon the husband by the wife, and the relief granted in that case rests upon equitable considerations which do not obtain in this case. It is therefore, in principle, not like the case at bar.

The decree of the superior court will be affirmed.

*Decree affirmed.*