[Civ. No. 894.   Second Appellate District.—April 24, 1911.]

## JANE LOUISE HENNE, Executrix of Last Will of C. HENNE, Deceased, Appellant, v. EMMA A. SUMMERS, Respondent.

LEASE—BOND TO SECURE OBLIGATIONS AND LAST TWO MONTHS' RENT—CONSTRUCTION.—Where a bond given with a lease of a store-room in a city, for a term of five years, in the sum of $1,800, which was the amount of two months' rent, was conditioned "to secure the full performance of all the obligations contained in said lease, and also the last two months' rent to become due and payable under said lease," the bond is to be construed as limiting the liability for rent to said last two months, and as limiting the performance of the other obligations of the lease to such other obligations as are expressed in the lease other than for the payment of rent.

ID.—INTERPRETATION OF BOND AS A CONTRACT—RULES OF CIVIL CODE—CLAUSES NOT REPUGNANT.—It is held that, applying the rules for the interpretation of contracts embodied in the Civil Code to the bond as a contract to secure the performance of the lease, and considering the language employed in the whole instrument, it cannot be said that the clauses of the bond are so repugnant that they cannot stand together. The word "also" which precedes the last clause, "the last two months' rent," amounting to the sum specified in the bond, would indicate an intention to include something not before included; and it was not error to so interpret the contract, under the provisions of sections 1641 and 1652 of the Civil Code, as to give effect to the last clause.

ID.—RULE AS TO RESTRAINING GENERAL WORDS BY PARTICULAR LIMITING RECITAL.—It is a settled rule of law that to give effect to the intention of the parties, general words may be restrained by a particular recital which follows them, when such recital is used by way of limitation or restriction. It is obvious that the last clause with reference to rent was intended as a limitation, since otherwise it would be meaningless.

ID.—DUTY OF COURT IN INTERPRETING CONTRACT.—In the interpretation of the entire contract, it is the duty of the court to so interpret the same as to give effect to every part, if reasonably practicable.

ID.—ORAL EVIDENCE OF SENSE IN WHICH PROMISOR BELIEVED THE PROMISEE UNDERSTOOD THE CONTRACT WHEN MADE.—It being provided in section 1649 of the Civil Code that if the terms of a contract are ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed at the time of making the contract that the promisee understood it, it is held that no prejudicial error could

have resulted from the admission of oral evidence of the sense in which the promisor believed at the time of making the contract that the promisee understood it, even though an interpretation, unaided by extrinsic evidence, was possible upon the face of the contract.

ID.—PREMATURE ACTION FOR RENT ON BOND.—The bond being conditioned for rent only for the last two months of the lease, it is held that any action for arrears of rent brought on the bond prior to the last two months of the term was premature, and cannot be maintained on the bond.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Campbell & Moore, for Appellant.

Jones & Weller, for Respondent.

ALLEN, P. J.—The action was one to enforce the provisions of a certain bond in the sum of $1,800 executed by defendant in favor of C. Henne, plaintiff's testator. It is made to appear by the record that on or about the twentieth day of November, 1906, Edward Booth and John W. Neighbours leased from Henne, for the term of five years from the first day of January, 1907, a certain storeroom in the city of Los Angeles, by which lease the lessees covenanted and agreed to pay to said lessor as rent for said premises the sum of $54,000, payable in monthly installments of $900 each in advance on the first day of each and every month of said term of the lease. Certain other covenants are found therein of the usual and ordinary character, with reference to keeping the premises in good order and condition, not to make alterations or repairs without the consent of the lessor, not to underlet the premises without the written consent of the lessor, and with a covenant that if the lessees should move out or abandon said premises, or any part thereof, the lessor might relet the same and apply the proceeds collected, less the expenses, upon the rent to be paid by the lessees, and the lessees should be liable for the payment of any balance due under the lease; and it is expressly provided that such reletting shall not operate as a termination of the lease or as a waiver or post-

ponement of other rights or remedies; and there are certain other obligations with reference to not engaging in any hazardous or extrahazardous business, which might result in damage to the building. Contemporaneous with the execution of the lease, Booth and Neighbours, as principals, with Emma A. Summers, as surety, executed to Henne a bond in the sum of $1,800, conditioned that the same was given to secure the full performance of all of the obligations contained in said lease above referred to, and also the last two months' rent to become due and payable as therein specified and provided, being the rent for the months of November and December, A. D. 1911. It further appears that, with the consent of Henne, Booth and Neighbours, shortly after the execution of the lease, assigned and transferred the same to a corporation, called the Booth & Neighbours Clothing Company, and the said corporation took possession of the premises, paying the rent therefor and performing all other conditions, until the first day of January, 1908, at which date the corporation became bankrupt. Thereafter, one Harris, trustee in bankruptcy, entered into an agreement with plaintiff for the use and occupation of said premises from the twenty-seventh day of March, 1908, until the first day of July, 1908, at a rental of $20 per day, and thereafter at the rate of $500 per month until the first day of September, 1908, paying to the lessor as rental the aggregate sum of $5,454.97 from January to August, 1908, inclusive; the balance of the rental for said premises, amounting to more than $2,700, remaining unpaid. The defendant by her answer denied that the original lessees ever actually took possession, but that the premises were occupied solely by the corporation; and, further, alleged that at the time of the execution of the undertaking sued on it was agreed and understood that said undertaking, so far as the same referred to rent falling due under the terms of the lease, should apply only to the last two months of said term, and that the condition of said bond with reference to the performance of all obligations contained in said lease referred to, and was intended only to apply to, obligations of said lease other than the payment of rent. Upon the trial of the action the court permitted the defendant to introduce evidence, under objection, tending to show that at the time of the execution of the lease it was orally agreed that,

notwithstanding its term, the only liability incurred by signing the said bond was for the payment of the two months' rent mentioned in the concluding part of said bond. The court found that it was agreed and understood between the defendant and the agent of plaintiff's testator that such undertaking, so far as the same referred to rent falling due under the terms of the lease, should apply only to the last two months of said term as specifically mentioned in the undertaking, and that the term therein used with reference to said bond being given to secure the performance of all the obligations contained in said lease referred to and was intended to apply to the obligations of said lease other than the payment of rent. Judgment was accordingly rendered in favor of the defendant, from which judgment and an order denying a new trial plaintiff appeals.

The questions, therefore, for determination upon this appeal are as to the construction which should be given the undertaking set out in the complaint, and the competency of evidence to establish a contemporaneous oral agreement as signifying the intention of the parties. Certain rules to govern in the interpretation of contracts are declared in the Civil Code of this state. Section 1636 provides: "A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." Section 1641: "The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." Section 1648: "However broad may be the terms of a contract, it extends only to those things concerning which it appears that the parties intended to contract." Section 1649: "If the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it." Section 1652: "Repugnancy in a contract must be reconciled, if possible, by such an interpretation as will give some effect to the repugnant clauses, subordinate to the general intent and purpose of the whole contract." And by section 1654 it is provided that if the uncertainty cannot be removed by the rules laid down by the code, the language of the contract must be interpreted most strongly against the promisor as

being the one presumed to have caused the uncertainty. It is elementary law that if two clauses of a contract are so wholly repugnant to each other that they cannot stand together, the first shall be received and the latter rejected. (*Straus* v. *Wanamaker*, 175 Pa. 213, [34 Atl. 648]; Blackstone's Commentaries, book 2, p. 381.) Considering the language employed in the whole instrument, we are led to the conclusion that the learned judge who tried this cause did not err in his construction of the contract. The fact that the amount of the bond exactly equaled two months' rent, and that this amount was specifically mentioned as being that guaranteed by the surety, is significant. Nor can it be said that the two clauses of the contract are so repugnant that they cannot stand together. The word "also," which precedes the last clause, would indicate an intention to include something not theretofore included. We are of opinion that it was not error to so interpret the contract under the provisions of sections 1641 and 1652 of the Civil Code as to give effect to the last clause. It is settled law that to give effect to the intention of the parties, general words may be restrained by a particular recital which follows them, when such recital is used by way of limitation or restriction. It is obvious that the insertion of the last clause with reference to rent was intended as a limitation; otherwise, it is meaningless. In the interpretation of the entire contract it is the duty of the court to so interpret the same as to give effect to every part, if reasonably practicable. Given this interpretation, no prejudice could have resulted from the admission of oral evidence of the sense in which the promisor believed at the time of making the contract that the promisee understood it, even though an interpretation unaided by extrinsic evidence was possible upon the face of the contract. If, therefore, the bond was so restricted in its conditions, the rent for which it was given had not yet matured and the action was premature.

We see no error in the judgment and order, and the same are affirmed.

James, J., and Shaw, J., concurred.