[Civ. No. 1393. Second Appellate District.—Feburary 6, 1914.]

## JANE LOUISE HENNE et al., Respondents, v. EMMA A. SUMMERS, Appellant.

LANDLORD AND TENANT—CHANGE OF ORIGINAL CONTRACT—ASSIGNMENT
OR SUBLETTING—RELEASE OF SURETY OF TENANT.—Where lessees
form a corporation, and the corporation occupies the leased premises
and pays rent without obtaining an assignment of the lease, and,
financial difficulties overtaking the corporation, the premises are
occupied successively by the sheriff, a trustee in bankruptcy, and a
purchaser at the trustee's sale, each paying rent on account of the
lease, the sureties of the lessee are not thereby released from lia-
bility on the theory that the lessor has allowed an assignment or
subletting without their consent.

ID.—WRITTEN LEASE—HOW MAY BE ALTERED.—The lease, being a writ-
ten contract, could be altered only by a contract in writing or an
executed oral agreement.

ID.—RENT—ACCEPTANCE FROM PERSON IN POSSESSION—RELEASE OF
LESSEE AND SURETIES.—The mere acceptance by the landlord of
rent from the various persons in possession did not release the
lessees from the covenants contained in the lease nor discharge their
sureties.

ID.—FEES OF ATTORNEY—RECOVERY IN ACTION AGAINST SURETIES.—At-
torney's fees incurred by the lessor on account of the lessees' non-
payment of rent and the various changes in occupancy, may be
recovered by the landlord, in his action against the sureties of the
lessees, without proving that such fees have actually been paid.

APPEAL from a judgment of the Superior Court of Los
Angeles County.  Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Jones & Weller, for Appellant.

Campbell & Moore, for Respondents.

CONREY, P. J.—In this action the defendant is sued upon a bond signed by her as surety for Edward Booth and John W. Neighbours, to secure the performance of certain obligations of a lease made to said principals by the plaintiffs' predecessor in interest. The same instruments were construed by this court as to some of their terms in *Henne* v. *Summers,* 16 Cal. App. 67, [116 Pac. 86], but the testimony considered in that decision is not before the court on the record in this case. The bond was conditioned upon terms that were "to secure the full performance of all the obligations contained in said lease above referred to, and also the last two months' rent" specified in the lease. The judgment herein is for the sum of nine hundred dollars. The findings show that six hundred and fifty dollars of this amount was to satisfy a balance due on the last month's rent and that the remaining two hundred and fifty dollars was allowed on account of attorney's fees incurred in connection with defaults which took place and, which required the rendition of various services to protect the rights of plaintiffs with respect to said lease. Defendant appeals from the judgment.

The lessees incorporated their business and the corporation occupied the leased premises and paid rent without having obtained an assignment of the lease. The corporation's stock of merchandise in the leased storeroom was attached and bankruptcy proceedings followed. Within five months after the attachment the premises were successively occupied by the sheriff, by a trustee in bankruptcy, and by the purchaser at trustee's sale of the stock. Each of these paid rent on account of the lease. Then, after notice to the original lessees and to the defendant and certain other persons, the plaintiff, Mrs. Henne (at that time acting as executrix of the will of the original lessor) relet the premises and kept them leased from time to time, but was unable to obtain the full rental value provided in the Booth and Neighbours lease. The plaintiffs and their predecessors as lessors did not enter into any contract changing the Booth and Neighbours lease or for subleases prior to the notice given under the circumstances above noted.

1. Defendant claims that she is released from liability because the lessor had allowed an assignment or sub-letting of the premises without defendant's consent, and because the

leased premises were surrendered to the landlord before service of the above mentioned notice. This contention is not well founded. The contract of lease being in writing could only be altered by a contract in writing or an executed oral agreement. Nothing of the kind is shown here; nor is it shown that the lessor released the first lessees from any of the covenants contained in the lease. The mere accepting rent from one in possession under the lease would not have that effect. (*Brosnan* v. *Kramer*, 135 Cal. 36, [66 Pac. 979].)

2. The expenses incurred for service of attorneys were caused by the nonpayment of rents and by the various changes in occupancy which took place without the consent or fault of the lessor. They were expenses incidental to default by the lessees not only in payment of rent, but in occupancy and care of the leased premises. It was not necessary to prove that these expenses have been actually paid. (*Donnelly* v. *Hufschmidt*, 79 Cal. 74, [21 Pac. 546].)

3. The defendant has suffered no harm by the failure of the court to rule upon her motion to strike out certain testimony with reference to services performed in regard to this lease up to and including the lease which was made after notice to defendant. The evidence shows without conflict that services of the same kind rendered later than that time were worth two hundred and fifty dollars, and the damages allowed on that item of the claim of plaintiffs were only two hundred and fifty dollars.

The judgment is affirmed.

James, J., and Shaw, J., concurred.