[Civ. No. 2271. Second Appellate District.—July 11, 1918.]

## NATHAN COHN, Respondent, v. CARLIN G. SMITH et al., Appellants.

HUSBAND AND WIFE—PROPERTY ACQUIRED IN WIFE'S NAME—PRESUMPTION—EVIDENCE.—The presumption that property acquired in the name of the wife is her separate property is not conclusive, and where the question of ownership is involved, the court is entitled to receive and consider any competent evidence which tends to disclose the manner of acquisition of the property, and from the acts and conduct of the husband determine whether the transaction whereby the property was conveyed to her constituted a gift.

ID.—ACTION ON BUILDING BOND—HUSBAND'S OWNERSHIP—ESTOPPEL.—In an action on a building contractor's bond, where it is shown that the contract for the erection of the building was entered into with the husband as owner, although the record title was in the name of the wife, and he as owner expended his money for the building, the obligors named in the bond are estopped from denying the husband's ownership, since as to them he should conclusively be presumed to be the real party in interest.

ID.—DEFENSE OF LIEN CLAIMS—ATTORNEY'S FEES—RECOVERY ON BOND.—Where a building contract has been abandoned and the building completed by the owner as permitted by the contract, the owner in an action on the bond may recover money paid for attorney's fees in defending actions to recover upon lien claims.

ID.—ACTUAL PAYMENT OF ATTORNEYS' FEES—RIGHT TO RECOVERY NOT AFFECTED BY.—The fact that a part of the attorney's fees for which compensation had been allowed in the judgment had not been actually paid does not affect the owner's right to recover therefor.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge.

The facts are stated in the opinion of the court.

J. Wiseman Macdonald, for Appellants.

Kenton A. Miller, for Respondent.

CONREY, P. J.—The plaintiff, as owner of two lots in the city of Los Angeles, entered into a contract with the defendant Carlin G. Smith, as contractor, for the construction of a building on said lots. At the same time the contractor as

principal, and the other two defendants as sureties, executed a bond to the plaintiff as owner. The conditions of the bond were that the contractor "shall keep and strictly perform all the covenants and agreements of the contract by him to be kept and performed and shall on or before thirty-five days after the acceptance of said building on completion of said contract cancel and release the said building and premises from all claims of liens that may have accrued against the same in and from the performance of said contract, and shall save said owner free and harmless from all damage therefrom, all as in said contract provided." The judgment covers items allowed as damages for delay in completion of the building, and compensation on account of attorney's fees and costs incurred by the plaintiff in actions brought for the foreclosure of certain liens growing out of the performance of the contract. From that judgment the defendants appeal.

The defendants in their answers alleged that the plaintiff was not at the time said bond was given, nor was he at any time subsequent thereto up to and including the time of bringing this action, the owner of the land on which the buildings were constructed, or of the buildings erected thereon. The court found that these allegations were not true. Appellants contend that this finding is not supported by the evidence, and that the plaintiff is not the real party in interest, and therefore is not entitled to maintain this action. At the trial of the case it was stipulated that during all of said time the record title to the property described in the contract was, by virtue of a deed from a third person, in the name of Fannie Cohn, wife of the plaintiff. The plaintiff testified that when the lots were purchased he gave his personal check for the price paid, and that his wife did not pay anything for them, and did not pay anything to the plaintiff for them when the property was placed in her name; and that he did not intend to give the property to her. He further stated that he paid for everything connected with these two buildings and that she did not pay anything for their construction.

It is our opinion that the court's finding is sustained by the evidence. The lots having been acquired in the name of Fannie Cohn were presumptively her separate property, but this was not a conclusive presumption. The court was entitled to receive and consider any competent evidence which tended to disclose the manner of acquisition of the property,

and from the acts and conduct of the husband determine whether the transaction whereby the property was conveyed to the plaintiff's wife constituted a gift to her. (*Killian* v. *Killian*, 10 Cal. App. 312, [101 Pac. 806].)

We are further of the opinion that the defendants are estopped to deny plaintiff's ownership of said property. The plaintiff entered into the contract as owner, and as owner expended his money for the buildings. The giving of this bond was part of the inducement to him for entering into the contract. The obligors named in the bond should not now be heard to deny his title and thereby escape their liability. As to them he should conclusively be presumed to be the real party in interest.

The building contract contained the following paragraph: "Sixth: Should the contractor at any time during the progress of said works, refuse or neglect to supply a sufficiency of materials or workmen, the owner shall have the power to provide materials and workmen (after three days' notice in writing given) to finish the said works, and the reasonable expenses thereof shall be deducted from the amount of said contract price." The court found that the contractor at a stated time abandoned said buildings and thereafter refused to furnish material or labor therefor; and that the work was completed by the owner after due notice to the contractor in accordance with the contract. Appellants claim that the notice required by the contract was not given, and that without giving notice to the contractor the plaintiff wrongfully took possession of the premises and ejected the contractor therefrom; that thereby the sureties on the bond were released from their obligation. Edelman and Barnett were the architects named in the contract, under whose direction and supervision and subject to whose approval the work was to be done. Mr. Barnett testified that at the time the contractor ceased to work, Barnett, acting for the owner, served upon the contractor a written notice notifying him to finish the buildings. The so-called notice was produced in evidence by the plaintiff; not the paper served on the contractor, but the copy retained by the architects. This copy, which was signed by the contractor only, purports to be a stipulation between Edelman and Barnett, architects, and Smith, contractor, and sets forth certain items of work which must be done before the architects will accept the buildings. The stipulation then states that "if the

hereinabove mentioned items are not finished within three days, then the said architects shall have the privilege. of completing the same, paying the necessary expenses thereof,'' etc. The copy retained by the contractor was not signed. About one week later, the contractor having failed to proceed with the work, the architects, under instructions from the owner, proceeded to complete the buildings. Upon these facts appellants base their contention as stated. We think that the stipulation was in substance a notice in writing within the terms of the contract. Although not signed by the owner, it was given by his authority and was accepted by the contractor as the equivalent of a signed notice and as being in fact a notice in writing. Under these circumstances the mere failure of the owner to sign the written notice does not operate to prevent it from being a notice in writing. The acts of the owner, in proceeding upon the theory that such notice had been given as required by the contract, did not constitute any substantial alteration of the obligations, rights, or remedies of the parties. Therefore we hold that there was nothing in the facts shown which operated to exonerate the sureties from the obligations of their bond.

It is next suggested by appellants that the plaintiff was not justified in paying attorney's fees in defending actions to recover upon lien claims filed against the premises on which these buildings were constructed, and that such expenditures do not fall within the terms of the bond. As found by the court, lien claims were filed by numerous laborers and materialmen, and actions were prosecuted to foreclose those liens. The contractor having failed to defend the actions, or to release, cancel, or discharge the liens, it became necessary for the plaintiff to employ counsel, and he did employ counsel, to defend said actions. The amount of money in the hands of the owner applicable to the contract price was less than the amount of these lien claims. In order to secure a determination of the amount that he must pay in order to release the liens, the owner had to prove how much he had reasonably expended for the completion of the buildings after the abandonment of the contract by the contractor, and he was entitled to have the rights of the lienors established by decree of court. ''The contractors failing to perform their covenant, plaintiff's only course of safety was to secure a release of his property by proceedings in court. To accomplish this result it was

necessary to employ an attorney to represent him in such actions as were brought to enforce the liens." The reasonable amount paid to his attorneys for those services was a direct and proximate damage resulting from the contractor's breach of his contract, and of a covenant thereof for which the bond was security. (*Klokke* v. *Raphael*, 8 Cal. App. 1, [96 Pac. 392]; *Tally* v. *Ganahl*, 151 Cal. 418, [90 Pac. 1049]; *Bird* v. *American Surety Co. of New York*, 175 Cal. 625, [166 Pac. 1009].) If, as claimed by appellants, *Alcatraz etc. Assn.* v. *United States Fidelity etc. Co.*, 3 Cal. App. 338, [85 Pac. 156], and *Growall* v. *Pacific Surety Co.*, 21 Cal. App. 185, [131 Pac. 73], are in conflict with the supreme court decisions cited above, they must yield to the superior authority of those decisions.

The fact that a part of the attorney fees for which compensation has been allowed in the judgment has not been actually paid by the plaintiff does not affect his right to recover therefor. (*Henne* v. *Summers*, 23 Cal. App. 763, [139 Pac. 907].)

The judgment is affirmed.

James, J., and Works, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 5, 1918.