PHILLIP WHITLEY v. FRANCES WHITLEY.

(Filed 11 December, 1935.)

**1. Deeds A a—**

A deed executed in consideration of the marriage of the grantee to grantor is supported by a valuable consideration, and is not a voluntary deed.

**2. Deeds C f—**

A promise by the grantee to take care of the grantor so long as they both should live is a condition subsequent, and the breach of the condition does not affect the validity of the deed.

**3. Cancellation and Rescission of Instruments A a—**

The grantor may not rescind a deed executed in consideration of the marriage of the grantee to him, since the grantor cannot restore the consideration received for the deed.

APPEAL by plaintiff from *McElroy, J.,* at August Term, 1935, of UNION. Affirmed.

This is an action for the cancellation of a deed from the plaintiff to the defendant on the allegation that the execution of the deed by the plaintiff was procured by the fraud of the defendant. The action was begun on 12 October, 1934.

At the trial the plaintiff testified as follows:

"My name is Phillip Whitley. I lack three months of being 89 years of age. I have lived in Union County all my life. I have been married three times. My first two wives are dead. The third time I married the defendant, who was the widow Griffin. We were married in May, 1933. We had a marriage contract, which was not in writing. She agreed to marry me if I would give her the tract of land described in the deed, and I told her that I would give her the land if she would marry me and take care of me as long as she lived, or as long as I lived. We were in the cow shed. She was milking, and we shook hands across .the cow's back. I gave her the land, and we were married the next day at Chesterfield, South Carolina. She lived with me six or seven months, and then left my home. She left me about 1 December, 1933, and has not lived with me since.

"I had a conversation with her the day she left. I told her that I had an uncle who lived in Stanly County and that he lived until he was 105 years of age, and then cleared a new ground. I told her that I believed I was going to live that long. When I said that she came up and struck me in the eye. My foot slipped, and she beat me over the head until she was satisfied. She then quit, and rang the bell, which is

near my porch. Within about thirty minutes Rufus Little came for her. She left my house and has never been back or spoken to me since."

There was evidence for the plaintiff tending to show that the land conveyed by the deed contains 163 acres, and is worth $15,000.

There was evidence for the plaintiff tending to show that a short time before she left the plaintiff, the defendant said that she had married the plaintiff until she could do better, that she did not love him when she married him, and that she was not going to stay with the old devil (referring to the plaintiff) much longer.

At the close of the evidence for the plaintiff the defendant moved for judgment as of nonsuit. The motion was allowed, and the plaintiff excepted.

From judgment dismissing the action as of nonsuit the plaintiff appealed to the Supreme Court, assigning as error the order allowing defendant's motion for judgment as of nonsuit.

*H. W. B. Whitley and W. B. Love for plaintiff.*
*Vann & Millikin for defendant.*

CONNOR, J. It is well recognized in the law that marriage is to be regarded and dealt with as a valuable consideration for a contract. See *Winslow v. White,* 163 N. C., 29, 79 S. E., 258. The deed executed by the plaintiff to the defendant in the instant case is, therefore, not a voluntary deed. It was executed for a valuable consideration.

The promise of the defendant to the plaintiff that after her marriage to the plaintiff she would live with him and take care of him so long as both should live is, at most, a condition subsequent. The breach of the promise by the defendant, if wrongful as contended by the plaintiff, does not affect the validity of the deed. See *Willis v. Willis,* 203 N. C., 517, 166 S. E., 398, and *Jackson v. Jackson,* 222 Ill., 46, 78 N. E., 19, 6 L. R. A. (N. S.), 785.

In no aspect of this case is the plaintiff, on the facts shown by the evidence at the trial, entitled to the equity of rescission. The plaintiff manifestly cannot restore the consideration which he has received from the defendant for his deed. See *May v. Loomis,* 140 N. C., 350, 52 S. E., 728. In this case it is said that as a general rule a party is not allowed to rescind when he is not in a position to put the other party *in statu quo* by restoring the consideration passed.

Since the trial of this action, and pending the appeal to this Court, the plaintiff has died. H. W. B. Whitley, his executor, was duly made a party plaintiff in this Court.

There was no error in the trial of this action. The judgment is
Affirmed.