[Civ. No. 3404.   Fourth Dist.   Sept. 14, 1945.]

ANN K. FRENCH, Respondent, v. LELAND WESLEY FRENCH, as Executor, etc., Appellant.

William K. Young and Glenn E. Tinder for Appellant.

Jesse G. Sutliff for Respondent.

MARKS, J.—This is an action brought by the widow of C. W. French against the executor of his estate to declare that

defendant held in trust for her a life estate in certain real property in Inyo County.

Plaintiff and C. W. French were married in Reno, Nevada, on December 18, 1938. They separated on July 22, 1939, and did not thereafter live together. Mr. French died on February 18, 1943. He had one son, Leland Wesley French, the issue of a former marriage.

On December 17, 1938, plaintiff and C.W. French entered into a prenuptial agreement the provisions of which form the basis of this action. In it the prospective marriage is given as the reason for the contract. The agreement contained the following pertinent provisions:

". . . the said first party (C. W. French) does hereby promise and agree to and with second party (Mrs. French) that he will immediately upon the solemnization of said proposed marriage make and execute in the manner and form prescribed by law, a last will and testament, under and by virtue of which document the said real property shall be disposed of in the following manner, to wit: The right to the use, occupancy and control of the same and the rents, issues and profits thereof for and during the term of the natural life of the second party, shall be vested in the second party . . . and that title in fee simple thereto, subject to such liens or encumbrances as may have been placed thereon by the first party, shall immediately vest in those who may be designated by the last will and testament or by other instrument duly executed by first party; provided, however, that should the second party at any time subsequent to the demise of the first party abandon said real property or permit the same to become dilapidated or to become substantially depreciated in value because of lack of repair or lack of proper attention, then and in that event all rights of the second party in and to the same and in and to the rents, issues and profits therefrom shall immediately cease and determine, as hereinbefore provided. . . . (if) at the time of the demise of the first party the said first party and second party be divorced or separated or living separate and apart each from the other because of marital difficulties, misunderstandings or disagreements, then and in that event and in either of said events this agreement shall be absolutely null and void and of no force and/or effect whatsoever with respect to any rights or alleged rights of the second party in and to said real estate hereinbefore described."

It was also provided that the will to be executed should be

irrevocable and if French failed to make it the contract might be used for "the definition or declaration of the rights of the second party in and to the real estate." No such will was made or at least none was found when he died.

The trial court construed the provisions of the contract as repugnant and gave effect to the first, that is, the provision to make an irrevocable will, giving plaintiff a life estate in the property (*Henne* v. *Summers,* 16 Cal.App. 67 [116 P. 86]. See Civ. Code, §§ 1636 to 1654 incl.), and disregarded the subsequent provisions specifying conditions under which the life estate would be forfeited or the right to it terminated.

It is a fundamental rule of construction of contracts that the intention of the parties must be ascertained, if possible, from the language of the instruments and when so ascertained should be given effect. (*Universal Sales Corp.* v. *California etc. Mfg. Co.,* 20 Cal.2d 751 [128 P.2d 665]; *Schrank* v. *Sterling Products Co.,* 33 Cal.App.2d 107 [91 P.2d 143]; *Hamilton* v. *Ferguson,* 26 Cal.App.2d 390 [79 P.2d 427]; *Turner* v. *Cook,* 117 Cal.App. 399 [4 P.2d 182].)

We think the intention of the parties clear from the terms of the contract. They intended to provide towards the support of Mrs. French by creating in her a life estate in the property and also to provide for the son of Mr. French. However, the life estate of Mrs. French was not to be absolute but might be terminated on the happening of at least one of two conditions. The first condition set forth in the contract was intended to arise, if at all, after the death of Mr. French. If Mrs. French abandoned the property or suffered it to become dilapidated or depreciated in value because of lack of repair, her life estate was to be terminated. Second, the vesting of the life estate was conditioned upon the parties not being divorced or "separated or living separate and apart each from the other because of marital difficulties, misunderstandings or disagreements. . . ." Thus it appears rather clearly that it was the intention of the parties to create conditions subsequent whereby the life estate of Mrs. French might be terminated after vesting, or the right to it might be lost before vesting. As the parties had separated and were living separate and apart from each other at the time of the death of Mr. French it would seem that Mrs. French had lost the right to her life estate unless some legal reason can be found to suspend this condition of the contract. The present record fails to show any such reason,

Plaintiff introduced in evidence a certified copy of a complaint for separate maintenance filed by Mrs. French against Mr. French on August 13, 1940. It was alleged that Mrs. French left Mr. French because of his cruel treatment of her. No other part of the record in that case is before us and the balance of the record here is silent on the question of the reason for the separation.

Plaintiff argues that she was compelled to leave Mr. French because of his cruel and inhumane treatment of her; that it would be inequitable and unjust to deprive her of her life estate because of the separation; that to do so would permit the devisees of Mr. French to profit from his wrongs which prevented plaintiff from performing under the contract. In support of this argument she cites the cases of *Barnes* v. *Barnes,* 110 Cal. 418 [42 P. 904]; *Schnepfe* v. *Schnepfe,* 124 Md. 330 [92 A. 891, Ann.Cas. 1916D 988]; and *Jackson* v. *Jackson,* 222 Ill. 46 [78 N.E. 19, 6 L.R.A.N.S. 785].

We cannot pass on the question under the present state of the record. If we should assume, without holding, that these arguments of plaintiff are legally sound and that defendant may not urge the voiding of the contract because of the separation if it was caused by the misconduct of Mr. French, there is no sufficient evidence in the record to support the conclusion that the cruelty of Mr. French drove plaintiff from the family domicile. Plaintiff states in her brief that the "matter was judicially decided in favor of respondent." If in so stating she referred to a final judgment in the separate maintenance action there is nothing in the record to indicate how that case was decided. There is no evidence in the record on the question of the cause of the separation. If the misconduct of defendant be finally held to be sufficient to suspend the provisions of the contract providing for the voiding of its provisions because of the separation of the parties, that matter must be left to future determination upon competent evidence produced at another trial. Under the present state of the record we need express no opinion on the legal sufficiency of the argument.

The judgment is reversed.

Griffin, Acting P. J., concurred.