[No. 9,295.  In Bank.—January 10, 1885.]

## MARGARET G. CLEGHORN, APPELLANT, v. PETER M. CLEGHORN, RESPONDENT.

JUDGE—DISQUALIFICATION—ATTORNEY FOR PARTY.—A judge is not disqualified from sitting at the trial of a cause, because, before his election to the bench, he had been attorney for one of the parties in another action involving one of the issues in the case on trial.

PRACTICE—SPECIAL ISSUES—DIVORCE.—In an action for divorce, it is optional with the judge to submit special issues to the jury or not.  His refusal to submit them will not be reviewed on appeal.

ID.—ALIMONY—DISCRETION.—Pending an action for divorce, the court may, in its discretion, require the husband to pay to the wife any money necessary to enable her to prosecute or defend the action; and the appellate court will not interfere with such order, except in case of a clear abuse of discretion.

APPEAL from a judgment of the Superior Court of the county of Tehama, and from an order refusing a new trial.

The facts sufficiently appear in the opinion of the court, and the dissenting opinion of Mr. Justice Myrick.

*Chipman & Garter*, for Appellant.

*Joliet & Ellison*, for Respondent.

The COURT.—It happens that the judge before whom this cause was tried had been, before his election to the bench, the attorney of the defendant in an action which involved one of the issues in this case.    But that did not disqualify him to sit in the trial of this action, in which he had not been the attorney of either party.  (Code Civil Proc., § 170.)  It was optional with the judge to submit special issues to the jury or not ; and his refusal to submit them cannot be reviewed here.  " While an

action for divorce is pending, the court may, *in its discretion*, require the husband to pay * * * any money necessary to enable the wife * * * to prosecute or defend the action." (Civil Code, § 129.) It would only be in cases of a clear abuse of that discretion, that this court would be justified in interfering. This case is not within that category. We find no substantial errors in the ruling excepted to, and the evidence is conflicting on every material issue. Judgment and order affirmed.

MYRICK, J., dissenting.—I dissent for the following reasons: This is an action for a divorce. One of the grounds on which the divorce is sought is the alleged adultery of the defendant. In an action which had been brought against this defendant by the person with whom the alleged acts of intercourse had occurred, the issue was as to the fact of the alleged intercourse. In that action the defendant therein had an attorney. Such attorney subsequently came to the bench ; and when the case at bar came on for hearing, the plaintiff herein objected to the judge sitting on the trial of this case, claiming that he was disqualified. The code on this subject is as follows:

Section 170, Code Civil Proc.: No judge shall sit or act as such in any action or proceeding, when he has been attorney or counsel for either party in the action or proceeding. Section 4, Code Civil Proc.: The provisions of the code and proceedings under it are to be liberally construed, with a view to effect its objects and to promote justice.

The objection made to the judge may not be within the strict letter of the statute, but I think it is within its spirit. He had been an attorney for the defendant, for the purpose of meeting and resisting a charge, the truth of which was involved in this action, and on the trial of which he was to preside. As well might it be said, if A should bring an action against B on a promissory note (or other cause), having an attorney, and that action should be dismissed before trial, and the attorney should come to the bench, and a new action be commenced for the same cause, the fact of the attorneyship would work no disqualification, because the second action was not technically the *same* action in which he had been attorney. I cannot agree to that.

Rehearing denied.