[No. 14365.   Department One. — October 2, 1891.]

# J. S. WIXON, RESPONDENT, v. THOMAS DEVINE, APPELLANT.

ACTION FOR DIVERSION OF WATER — PLEADING — ANSWER — DENIAL OF PLAINTIFF'S RIGHT — EVIDENCE OF DEFENDANT'S PRIOR RIGHT. — It seems that where the answer in an action for the diversion of the waters of a ravine contains a specific denial of plaintiff's right to the waters the defendant may prove any prior right in himself or in his grantors by virtue of such denial.

ID. — QUALIFIED DENIAL — PARTICULAR PRIOR RIGHT — EVIDENCE OF RIGHT NOT PLEADED. — But when the answer raises no general issue, and admits plaintiff's right to the waters of the ravine, subject to a particular prior right of defendant, claimed under an appropriation alleged to have been made by him personally at a specified date, he cannot, under such pleading, prove a distinct prior right acquired by his grantors under a different appropriation made at a prior date, and by them made appurtenant to the ranch subsequently purchased by the defendant.

ID. — EVIDENCE OUTSIDE OF ISSUES — FINDINGS — ESTOPPEL. — The reception, without objection, of some evidence of a prior right of defendant which is without the issues made by the pleadings, where the court, upon objection of the plaintiff, expressly denied the right of the defendant to amend so that that evidence might become germane to the issues, and where the issue not made was not actually and intentionally tried by acquiescence of the plaintiff, does not estop the plaintiff from urging that the evidence received was without the issues, and that the court did not err in not finding upon the issue not pleaded.

ID. — AMENDMENT OF ANSWER — GROUNDS FOR DISALLOWANCE. — A ruling of the trial court disallowing a proposed amendment to the answer, so as to plead a particular prior right sought to be proved outside of the issues, is sufficiently supported, where it appears that the taking of evidence at the trial had almost concluded at the time of the proposed amendment; that eight years before, the same attorneys, in a former suit between some of the same parties, involving some of the same rights, pleaded similar facts as a defense; that defendant could not have been misled by supposing the evidence admissible under the answer as framed; that the proposed amendment would contradict an admission of the answer; and that the matter of the proposed evidence would contradict principles of law settled by decisions in the same case upon former appeals, and would be too weak to support the proposed amendment.

AMENDMENT OF PLEADINGS — DISCRETION — REVIEW UPON APPEAL. — While the power of the court in granting amendments to pleadings should be freely and liberally exercised, in order that all the substantial merits of a cause may be reached and determined without unnecessary delay, and in one suit, yet when the court has exercised that power by granting or refusing an amendment to a pleading, such ruling is only subject to review by this court when it is apparent that an abuse of discretion has occurred.

APPEAL from a judgment of the Superior Court of Sierra County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*H. L. Gear,* and *F. R. Wehe,* for Appellant.

The court erred in refusing to allow the proposed amendment to the answer to obviate the objection to Galloway's evidence. The refusal to allow a proper amendment at any stage of the trial, when necessary for the purposes of justice, is an abuse of discretion. (*Smith* v. *Yreka Water Co.,* 14 Cal. 202; 73 Am. Dec. 647; *Stringer* v. *Davis,* 30 Cal. 318; *Farmers' Nat. Gold Bank* v. *Storer,* 60 Cal. 388; *Lower Kings River W.·D. Co.* v. *Kings River and Fresno Canal Co.,* 67 Cal. 577.) A proposition to amend is always in time, if it immediately follows an objection to the pleading. (*Valencia* v. *Couch,* 32 Cal. 340, 344; 91 Am. Dec. 589; *Hutchinson* v. *Ainsworth,* 63 Cal. 286; *Bell* v. *Knowles.* 45 Cal. 194.) The power to amend upon a new trial granted as the result of an appeal is the same after as before an appeal was taken. (*Phelan* v. *Supervisors,* 9 Cal. 16; *Pierce* v. *Jackson,* 21 Cal. 641; *Hibernia S. & L. Soc.* v. *Conlin,* 67 Cal. 178, 182; *Branson* v. *Oregon R'y Co.,* 11 Or. 161; *Schreyer* v. *Mayor etc.,* 7 Jones & S. 277; *Iowa County* v. *Huston,* 43 Iowa, 485; *Gray* v. *Regan,* 37 Iowa, 688.) If parties are surprised by an amendment, and find it necessary to adopt a different line of proof, they are entitled to a continuance, in order to meet the new issues tendered. (*Polk* v. *Coffin,* 9 Cal. 58; *Cowan* v. *Williams,* 49 Tex. 397; *Strong* v. *District of Columbia,* 3 McAr. 499; *Phillips* v. *City of Atlanta,* 78 Ga. 773; *Grimes* v. *Watkins,* 59 Tex. 137, 138; *Fowlks* v. *Long,* 4 Humph. 511; *Miller* v. *Metzger,* 16 Ill. 390; *McCausland* v. *Ralston,* 12 Nev. 202, 203; 28 Am. Rep. 781.) The fact that defendant or his attorney might have known of or discovered the matter proposed to be pleaded by the amendment at an earlier date is no ground for refusing to allow the amendment so as to present the case fully upon its merits. (*Pierson* v.

*McCahill,* 22 Cal. 127; *Farmers' Nat. Gold Bank* v. *Stover,* 60 Cal. 388.)    Under the general issue in actions for diversion of a watercourse, anything which shows that the defendant did what he might lawfully do, and whatever will, in equity and conscience, preclude the plaintiff from recovering, may be given in evidence by the defendant, because the plaintiff must recover upon the justice of his case only.    (Angell on Watercourses, sec. 422; Gould on Waters, sec. 488.)    No reason appears why the same rule of pleading should not be applied in actions involving the title to water rights which is applied in actions involving the title to real property; and it is well settled that in such an action the defendant may prove a deraignment of title in himself from his grantors under the denial of plaintiff's title, without setting out his title in the answer.    (*Bruck* v. *Tucker,* 47 Cal. 346; *Daniels* v. *Henderson,* 49 Cal. 247; *Roberts* v. *Columbet,* 63 Cal. 22; *Hall* v. *Dodge,* 18 Kan. 277; *Meyendorf* v. *Frohner,* 3 Mont. 324; *Tracy* v. *Kelley,* 52 Ind. 535.)    A ravine may be used as part of a ditch connecting the user with an appropriation made at a point above.    (*Hoffman* v. *Stone,* 7 Cal. 46, 47; *Richardson* v. *Kier,* 34 Cal. 63; 91 Am. Dec. 681; *Richardson* v. *Kier,* 37 Cal. 263; *Butte C. & D. Co.* v. *Vaughn,* 11 Cal. 143; 70 Am. Dec. 769.)    The first appropriation for a useful purpose determines the right. (*Kelly* v. *Natoma Water Co.,* 6 Cal. 105; *Hoffman* v. *Stone,* 7 Cal. 46, 47; *Butte C. & D. Co.* v. *Vaughn,* 11 Cal. 143; 70 Am. Dec. 769.)

*T. L. Ford,* and *S. B. Davidson,* for Respondent.

The alleged defense that the water was an appurtenance to the ranch was wholly without the issues raised by the pleadings or tried by the court, and could not, therefore, prevail simply because certain evidence inadvertently crept in which might be deemed pertinent to such defense. (*Hall* v. *Arnott,* 80 Cal. 358; *Ortega* v. *Cordero,* 88 Cal. 227.)    The defense in question was not, as claimed by the appellant, provable under the pleadings as they stood at the trial, and therefore a fail-

ure of the court to find thereon was not error. (*Piercy* v. *Sabin*, 10 Cal. 22; 70 Am. Dec. 692; *Glazer* v. *Clift*, 10 Cal. 304.) Not only was there a failure of proof of the defense in question, not only was such defense not pleaded, put in issue, or tried, but this very defense had been judicially determined in plaintiff's favor. (See *Wixon* v. *Devine*, 67 Cal. 344; 80 Cal. 385.) The authorities are all agreed that where the second suit between the same parties is for the recovery of the same right as that sued for in the former suit, the judgment in the former suit is conclusive in the second, not only as to the defenses actually made to such former suit, but also as to any defenses that might have been made thereto. (Black on Judgments, secs. 504–506.) It is equally well settled that where the second suit between the same parties is upon a different right or claim, the former judgment is still conclusive as to every defense necessarily determined by such former judgment. (Black on Judgments, sec. 504.) The refusal to allow the amendment to the answer was not error, as the allowance thereof was within the discretion of the court, and no abuse of discretion has been shown. (*Stearns* v. *Martin*, 4 Cal. 227, and other cases.)

GAROUTTE, J. — This is an action to determine the rights of the parties to the waters of Kentucky Ravine and its east and west branches, located in Sierra County, California.

The court adjudged the plaintiff to be entitled to twenty-five inches of the waters of said ravine under a four-inch pressure. Defendant appeals from the judgment and order denying his motion for a new trial, and for grounds of reversal insists, —1. That certain evidence offered was improperly rejected; 2. The court erred in refusing to allow the defendant to amend his answer during the progress or the trial. Plaintiff claimed title to these waters by actual appropriation in 1883. Defendant claimed no affirmative relief in his answer, but, for the purpose of defeating plaintiff's right, set up a

prior appropriation of these waters by himself in 1877, and he also relied upon an adverse user for a period of more than six years before the commencement of this action.

During the progress of the trial, while the defendant was presenting his evidence to the court, he offered to prove "a prior actual appropriation and diversion of all the waters of Kentucky Ravine in the year 1865 by James Galloway; that he was the original claimant and possessor of the land described in the answer as the Doyle ranch, and that it was then known as the Galloway ranch; that said appropriation and diversion was made at a point above plaintiff's dam and ditch; that said waters, by actual use and enjoyment, were made an appurtenance to said ranch, and passed with the ranch by mesne conveyances to defendant," etc.   An objection was sustained to the admission of the foregoing testimony, upon the ground that it was not within the issues made by the answer.   Appellant insists that he was entitled to make such proof under the general issue.   If his answer had contained a specific denial of plaintiff's right to the waters of the ravine, we are not prepared to say but that under the following authorities he would have been entitled to make the proof sought by virtue of such denial.   (*Marshall* v. *Shafter*, 32 Cal. 192; *Bruck* v. *Tucker*, 42 Cal. 346; *Daniels* v. *Henderson*, 49 Cal. 247; *Roberts* v. *Columbet*, 63 Cal. 25; *Hyde* v. *Mangan*, 88 Cal. 325, and cases there cited.) But the record upon this appeal does not present the question to us for consideration.   There is no specific denial of any material allegation of the complaint.   The answer raises no " general issue " within the meaning of the statute and authorities.   In his answer, defendant denies plaintiff's right to these waters, " except as hereinafter expressly stated."   Again, he admits plaintiff's right, " subject to the prior right of defendant," specially referring to his right under acts of appropriation in 1877.   In short, the answer confesses plaintiff's right, but seeks to avoid it by asserting a particular prior right

in defendant. Under this condition of the pleadings, the evidence was properly rejected as not being within the issues made. It appears that the witness Galloway, without objection, did testify, generally, to many of the facts encompassed in the proposed amendment to the answer, and appellant insists that such evidence was sufficient to defeat plaintiff's right of recovery, and that the court should have so found. It is unnecessary to enter into a detailed examination as to the sufficiency of this evidence in point of fact to defeat plaintiff's right of recovery. As we have already seen, such evidence was not only entirely without the issues as made by the pleadings, but the court expressly denied the right to amend so that this particular evidence might become germane by being brought within the issues as made by the amended pleading.

Referring to this question in *Ortega* v. *Cordero*, 88 Cal. 227, the court said: "To justify this application of the principle of estoppel, it should appear from the record on appeal, among the other elements of an estoppel, that the issue was actually and intentionally tried by the introduction of pertinent evidence, and that the party against whom the estoppel is invoked consciously participated or acquiesced in such trial as if the issue had been made by the pleadings, and in such manner as may have induced the other party to believe that the issue had been properly made, or diverted his attention from the fact that it was not made by the pleadings." Applying the foregoing rule to the case at bar, it can hardly be contended that the evidence of Galloway and the acts and conduct of the parties created an issue as to the appropriation by Galloway of the waters of this ravine in 1865, and that the court was in error in not finding upon such issue.

It is insisted that the court erred in refusing to allow the proposed amendment to the answer. The amendment, in effect, was, "that an actual appropriation and diversion of all the waters of Kentucky Ravine was made by James Galloway, the original claimant and possessor

of the tract of land owned by defendant, by means of a ditch constructed by said Galloway in 1865, at a point above where plaintiff's dam and ditch are now located, and the right to the waters of said ravine, by actual use and enjoyment, became appurtenant to said ranch for the irrigation thereof, and passed by conveyance to defendant herein." While the power of the court in granting amendments to pleadings should be freely and liberally exercised, in order that all the substantial merits of a cause may be reached and determined without unnecessary delay, and in one suit, yet when the court has exercised that power by granting or refusing an amendment to a pleading, such ruling is only subject to review by this court when it is apparent that an abuse of discretion has occurred. From an examination of the record it appears there are sufficient grounds to support the ruling of the court, in the exercise of its discretion, in denying this proposed amendment to the answer. We will not review all these grounds *in extenso*. It appears that the taking of evidence at the trial had almost concluded at the time the proposed amendment was offered; that the same attorneys, in another suit between some of the same parties, in litigating some of the same rights here involved, eight years prior, pleaded as a defense in that suit facts very similar to those set out in the proposed amendment. Again, defendant could not have been misled by believing the evidence admissible under the allegations of his answer as it was framed; and also, the proposed amendment was directly contradictory to an admission in the answer, to wit, "that plaintiff had a right to twenty-five inches of the waters of Kentucky Ravine, subject to defendant's right, by prior appropriation and diversion in 1877.

As an additional ground to sustain the action of the lower court we would say that while the amendment proposed shows that the location and diversion of the waters of the ravine occurred at a point above plaintiff's dam and ditch, yet the evidence offered to the court

to support the amendment shows that for the purposes for which the water could be claimed as appurtenant to defendant's ranch it was taken from the ravine at a point below plaintiff's ditch and dam; and it must be conceded that the prior decisions of this case, found in 67 Cal. 341, and 80 Cal. 385, when taken together at least, settle one principle of law as between these parties beyond doubt; which is, that plaintiff has the first right to twenty-five inches of water at a point upon the ravine where his dam and ditch are located. If the defendant's evidence is too weak to support the pleading, it would be idle to allow the amendment.

Several years ago, in writing an opinion in this case (67 Cal. 345), Searls, C., said: "There should be a limit to litigation." This cause has been dragging its slow length along the judicial highway for nearly a decade, and is now with us for the third time, and we think it proper to repeat the words of the learned commissioner: "There should be a limit to litigation." And we believe, for the foregoing reasons given, the limit in this case has been reached.

· Let the judgment and order be affirmed.

PATERSON, J., and HARRISON, J., concurred.

Hearing in Bank denied.