[Civ. No. 1426.    Second Appellate District.—November 20, 1913.]

## C. W. FISHER et al., Appellants, v. ANNA MAE FISHER, Respondent.

DEEDS—PLEADING NONDELIVERY IN ACTION TO ESTABLISH TRUST IN LAND—LEGAL CONCLUSIONS.—A complaint in an action to establish that a grantee holds the land in trust on the theory that there has been no delivery of the deed, which alleges that there has been "no valid delivery" of the deed, that the grantor "never intended to convey said property except upon the conditions hereinbefore stated," and that the defendant, with intent to defraud the plaintiffs, "obtained possession thereof without right," is insufficient as against demurrer. The use of the words "valid," "without right," "unlawfully," etc., are allegations of legal conclusions.

ID.—INSUFFICIENT ALLEGATION OF NONDELIVERY—PRESUMPTION OF DELIVERY.—If the complaint in such action fails sufficiently to allege a nondelivery of the deed, then it may be assumed, in considering the pleading most strongly against the pleader, that there was some sort of a delivery of the instrument, qualified or otherwise.

Id.—Conditional Delivery of Deed—Whether Becomes Absolute.—
Where the grantor delivers a deed to his grantee with the intent that
it shall convey title only in the event that the grantor shall not sur-
vive a contemplated surgical operation, the delivery is governed by
the provisions of section 1056 of the Civil Code and becomes ab-
solute and final.

Id.—Deeds in Hands of Grantee—Presumption of Delivery—Plead-
ing Nondelivery.—There is a presumption that a deed found in the
hands of the grantee was rightfully delivered; and in an action to
establish a trust in the land on the theory of nondelivery of the deed,
an express allegation of nondelivery, or of facts as to the obtaining
of the possession of the deed by the grantee which show in them-
selves that there could have been no delivery, is necessary to the
statement of a good cause of action.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Eugene P. McDaniel, Judge presiding.

The facts are stated in the opinion of the court.

Murphey & Poplin, for Appellants.

Drew Pruitt, and L. D. Collings, for Respondent.

JAMES, J.—One W. J. Fisher, now deceased, was the
brother of all of the parties who appear as plaintiffs in this
action. Anna Mae Fisher, the defendant, was his wife. In
the complaint it is alleged that on the seventh day of Septem-
ber, 1903, the decedent was the owner in fee of certain real
property, and that being about to have an operation performed
upon his person of a serious nature which might result in his
death, he "made and executed deeds of conveyance of various
properties owned by him to various persons, said deeds to be
delivered to the grantees therein named in the event of the
death of said Fisher as a result of said contemplated opera-
tion." It is then alleged that among the conveyances so made
was one wherein the said Fisher "signed and acknowledged a
certain deed of conveyance, conveying to his then wife, Anna
Mae Fisher, the following described property"; (Here follows
a description of a certain tract of ground situated in the
county of Los Angeles.) Further allegations of the complaint
set out that the said Fisher recovered from the effects of the
operation and that he did not die until several years there-

after, to wit: on the fourth day of June, 1911. It is also alleged that after recovering from the effects of the operation, he continuously up to the time of his death remained in possession of the real estate mentioned in the deed made to his wife, claimed the same as his own separate estate, and exercised acts of dominion over it. Plaintiffs then allege that three days after the death of said Fisher his wife caused the deed "so executed by decedent on the 7th day of September, 1903," to be recorded in the office of the county recorder, and that she since said date has claimed to own and be in possession of the premises described in the deed. This allegation then follows: "That there never has been a valid delivery of said deed of conveyance from said W. J. Fisher to said defendant, Anna Mae Fisher, and the said W. J. Fisher never intended to convey said property in said deed described to said defendant, except and upon the conditions hereinbefore stated in paragraphs III and III½ hereof; and the plaintiffs are informed and believe, and upon such information and belief allege, that said defendant fraudulently and unlawfully and with intent to deceive and defraud the plaintiffs and each of them of their just rights or proportions in the property described in said deed, obtained possession thereof without right; and plaintiffs allege that whatever record title may appear to be vested in said defendant by reason of said purported conveyance, is held in trust by said defendant as constructive trustee for all the heirs of said W. J. Fisher, deceased." In a second count are further allegations purporting to state a cause of action to set aside a judgment obtained by defendant against the administrator of the estate of W. J. Fisher, by which judgment the title of the defendant to the real estate described in the aforesaid deed was quieted. The prayer was for a decree determining that the judgment referred to in the second cause of action had been fraudulently obtained, and that the defendant be decreed to hold the real property described in the deed referred to in the first count as the trustee for the plaintiffs and defendant as heirs at law of decedent. A demurrer was interposed to the complaint on the part of defendant by which several grounds of objection were stated. The demurrer was sustained and plaintiffs declining to amend their complaint, judgment of dismissal followed. This appeal was then taken.

The general ground of objection stated in the demurrer, to wit: that the complaint in either count failed to state facts sufficient to constitute a cause of action, will be the only one necessary to be considered. In paragraph VII of the complaint, which has been quoted fully in the foregoing, the plaintiffs first allege that there had been no "valid delivery" of the deed of conveyance; second, "that the said W. J. Fisher never intended to convey said property . . . except upon the conditions hereinbefore stated"; and, third, "that said defendant, with intent to deceive and defraud the plaintiffs and each of them of their just rights or proportions in the property described in said deed, obtained possession thereof without right." Plaintiffs have not by these allegations sufficiently stated the fact, if it was a fact, that there was no delivery of the deed by W. J. Fisher to his wife. To say that there was no "valid delivery" was not an allegation of nondelivery, and to say that the defendant obtained possession of the deed "without right" did not sufficiently show that her possession was not such as resulted from an actual delivery to her of the deed. The use of the words "valid," "without right," "unlawfully," etc., were allegations of legal conclusions on the part of the pleader and were similar to words and phrases so denominated in the decision of the case of *Callahan* v. *Broderick,* 124 Cal. 80, [56 Pac. 782], where the supreme court said: "The necessity for a statement of the facts essential to a right claimed is not obviated by averments of legal conclusions (*Aurrecoechea* v. *Sinclair,* 60 Cal. 532) ; for allegations of conclusions of law will be disregarded in considering objections raised by demurrer. (*Ohm* v. *San Francisco,* 92 Cal. 437, [28 Pac. 580].) A conclusion of law tenders no issue, and a complaint which depends upon such allegations is insufficient and demurrable." Nor is the cause of action saved to plaintiffs by the allegations that "said W. J. Fisher never intended to convey said property in said deed described to said defendant, except and upon the conditions hereinbefore stated in paragraphs III and III½ hereof" (the paragraphs referred to being those which set out the facts concerning the making of the deeds immediately prior to the time the operation was performed upon the said Fisher). If the complaint fails to sufficiently allege a nondelivery of the deed, then it may be assumed, in considering the pleading most strongly against

the pleader, as is the rule, that there was some sort of a delivery of the instrument, qualified or otherwise. Section 1056 of the Civil Code provides as follows; "A grant cannot be delivered to the grantee conditionally. Delivery to him, or to his agent as such, is necessarily absolute, and the instrument takes effect thereupon, discharged of any condition on which the delivery was made." So that, if Fisher did deliver the deed to his grantee with the intent that it should convey title only upon the event that he should not survive the operation, the delivery under such condition was governed by the provisions of the section of the Civil Code cited and became absolute and final. It is not alleged that at the time decedent made the deeds in 1903 he retained them in his possession, or that he did not then deliver them, and it is not alleged as to when the defendant became possessed of the deed which he afterward recorded. There is a presumption that a deed found in the hands of the grantee was rightfully delivered, and in an action of this kind an express allegation of nondelivery is necessary to the statement of a good cause of action; or facts must be alleged touching the obtaining of the possession of the deed by the grantee which show in themselves that there could have been no delivery of the deed. As to the second count of the complaint: That count rested for its support upon the main allegations contained in the first count, which were referred to and made a part of the second alleged cause of action. If the first count stated no cause of action, then it must follow that the second count was defective in its statement of sufficient facts to warrant a recovery. For the reasons given, it appears that the demurrer was properly sustained.

The judgment is affirmed.

Conrey, P. J. and Shaw, J., concurred.