[Civ. No. 5941. First Appellate District, Division One.—August 21, 1929.]

THE COLLEGE NATIONAL BANK OF BERKELEY (a Corporation), Respondent, v. ARCH MORRISON et al., Defendants; F. H. DAM, Appellant.

F. H. Dam, *in pro. per.*, and Eugene W. Roland for Appellant.

Oscar T. Barber for Respondent.

THE COURT.—An appeal from a judgment entered against defendants Morrison and Dam. Defendant Wetherbee was not served with summons, and Morrison defaulted. Defendant Dam answered the complaint and is the sole appellant.

On February 29, 1922, Morrison, by an instrument in writing designated a lease, agreed to sell and Wetherbee, who is therein called the lessee, agreed to buy a motor-truck for the sum of $2,600, payable $875 in cash and the balance in monthly installments of $172.50, with interest. Title to the truck was reserved by the seller, and the buyer agreed to pay the sum of $100 as attorney's fees in the event of suit to recover any part of the amount payable under the contract. Thereafter, on March 7, 1922, Morrison and his wife borrowed $1500 from plaintiff bank, for which they executed their note, payable ninety days after date, with

interest. With the note there was delivered to the bank the above lease contract, the note reciting that the lease contract was deposited as security for the payment of the note and also for "all other present or future demands of any and all kinds of the holder hereof against the undersigned." There was indorsed upon the contract at the time of its delivery to plaintiff the following, signed by defendants Morrison and Dam:

"I hereby guarantee the performance of the within lease on the part of the lessee to the College National Bank of Berkeley.

"ARCH MORRISON,
"F. H. DAM."

The complaint alleged and the court found that there was due and unpaid on the lease contract a total of $1295.25, and of the principal and interest of the Morrison obligation to the bank the sum of $788.54, for which, with the further sum of $100 as attorney's fees, the judgment was entered.

The evidence showed that $306.01 was paid on the note mentioned; that on June 7, 1922, Morrison and his wife executed to the bank a new note for $1153.99, on which the sum of $334.74 was paid, and that on October 7, 1922, Morrison executed to the bank a third note for $819.25, on which $200 was paid. Each note contained the same recitals as to the security. The two notes first mentioned were surrendered either before or at the time the third note was executed, and Mrs. Morrison was not made a party to the action.

Appellant contends that the acceptance of the two notes last executed, and the surrender of the first and second upon the execution of the third, exonerated him from liability under the guaranty indorsed upon the lease contract, and that the court erred in excluding certain oral testimony offered by him and in refusing to allow an amendment to his answer.

■ The delivery of the lease contract with the intent to assign the same constituted a sufficient and valid assignment thereof to the bank (*Bibend* v. *Liverpool etc. Ins. Co.*, 30 Cal. 78). ■ As stated, appellant guaranteed the performance of the obligation of his principal, Wetherbee, and

not that of Morrison or his wife; and he was not released by the failure of the bank to do something in regard to which it owed him no duty. (*Friend* v. *Smith Gin Co.*, 59 Ark. 86, [26 S. W. 374]; *Welch* v. *Walsh,* 177 Mass. 555 [83 Am. St. Rep. 302, 52 L. R. A. 782, 59 N. E. 440]; *Westchester etc. Co.* v. *McIntire,* 174 App. Div. 525 [161 N. Y. Supp. 384]; 28 Cor. Jur., Guaranty, sec. 150, p. 992). ▮ The bank was under no duty to proceed against Wetherbee (*Carver* v. *Steel,* 116 Cal. 116 [58 Am. St. Rep. 156, 47 Pac. 1007]), nor was appellant exonerated by the extension of time for payment of the Morrison loan, as his liability to pay the amounts due on the lease contract was not thereby affected, nor his rights or remedies either against his coguarantor or Wetherbee impaired, or the obligation of the latter altered (Civ. Code, sec. 2819; *Fitts* v. *A. F. Messick etc. Co.,* 144 N. C. 463 [57 S. E. 164]). ▮ Moreover, the execution of the renewal notes for the unpaid balance of the Morrison loan, and the surrender of the note or notes previously given, did not in the absence of an agreement to that effect (which the court found was not the case) extinguish the original obligation. (*Bonestell* v. *Bowie,* 128 Cal. 511 [61 Pac. 78]; *White* v. *Stevenson,* 144 Cal. 104 [77 Pac. 828]; *Gnarini* v. *Swiss etc. Bank,* 162 Cal. 181 [121 Pac. 726]; *Anglo-Cal. etc. Co.* v. *Wallace,* 58 Cal. App. 625, 628 [209 Pac. 78]); and the security might properly be applied to the balance unpaid (*Sather Banking Co.* v. *Briggs Co.,* 138 Cal. 724 [72 Pac. 352]).

▮ Appellant pleaded as a defense and sought to prove an agreement with the bank, made at the time of the execution of the guaranty contract, that he was not to be liable thereunder until the truck described in the lease contract had been repossessed by the bank and sold to satisfy to that extent the Morrison note. The offered testimony under the parol evidence rule was incompetent and its rejection was not error (Civ. Code, sec. 1625; Code Civ. Proc., sec. 1856; *Leonard* v. *Miner,* 120 Cal. 403 [52 Pac. 655]; *Lindemann* v. *Coryell,* 59 Cal. App. 788 [212 Pac. 47]).

Appellant in the same connection claims that the offered evidence also tended to show a failure of consideration for his promise. Such was not its effect as the record shows that the consideration for the guaranty was the loan to the Morrisons which sufficiently supported appellant's promise.

At the close of the trial appellant sought to amend by alleging that it was agreed that the guaranty contract should not be in effect until the truck should be sold by the bank and the proceeds applied on the Morrison note. Permission to amend was denied. The amendment set forth a new defense, and no reason for the delay was shown.

After the expiration of the time within which amendments may be made as a matter of course an application to amend is addressed to the sound discretion of the court.

While the court should exercise its power in that respect liberally in order that the substantial merits of the cause may be determined, yet when the court has exercised its power, either by granting or denying an amendment, the ruling is subject to review only when it is apparent that an abuse of discretion has occurred (*Wixon* v. *Devine*, 91 Cal. 477 [27 Pac. 777]; *Miner* v. *Rickey*, 5 Cal. App. 451 [90 Pac. 718]; *Cullinan* v. *McColgan*, 87 Cal. App. 684 [263 Pac. 353].) Under the circumstances appearing from the record the denial of the motion was not an abuse of discretion (*Bell* v. *Standard Quicksilver Co.*, 146 Cal. 699 [81 Pac. 17]; *Manha* v. *Union Fertilizer Co.*, 151 Cal. 581 [91 Pac. 393]).

Lastly, it is claimed that the allowance of an attorney's fee was improper. Appellant having guaranteed the performance of the lease contract, was also liable for attorney's fees incurred in enforcing performance (*Henne* v. *Summers*, 23 Cal. App. 763 [139 Pac. 907]; *Grace* v. *Croninger*, 56 Cal. App. 659 [206 Pac. 130]; *Murphy* v. *Luthy Battery Co.*, 74 Cal. App. 68 [239 Pac. 341]).

We find no merit in the appeal, and the judgment is accordingly affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 20, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 17, 1929.

All the Justices present concurred.