[Civ. No. 4299.   Third Appellate District.—September 19, 1931.]

EARL JUSTIN McCULLY, Respondent, v. MRS. JENNIE C. GANO, Appellant.

Marshall D. Andrews for Appellant.

Earl Justin McCully, *in pro. per.,* for Respondent.

PRESTON, P. J.—The plaintiff Earl Justin McCully, an attorney at law, brought this action against his former client, Jennie C. Gano, to recover the sum of $2,581.30 for professional services alleged to have been performed by him for her under a written contract.

The cause was tried by the court without a jury and resulted in a judgment in favor of the plaintiff for the sum of $700. From this judgment the defendant Gano prosecutes this appeal.

The facts are briefly these: Defendant and appellant employed plaintiff as her attorney to effect a property settlement with her husband with whom she was having domestic trouble. The contract was reduced to writing and executed and provided that plaintiff should receive for his services a certain per cent of the value of the property finally recovered for his client.

Plaintiff entered into negotiations with defendant's husband and his attorney and finally procurred for his client a property settlement more favorable to her than she had previously instructed plaintiff she would accept.

A preliminary contract setting forth the terms of settlement was drawn and signed by the defendant and her husband.

In order to convey title to the various properties owned by these parties, it was necessary for deeds and bills of sale,

etc., to be executed between the parties. These instruments were all prepared and were agreeable to Mr. Gano, but Mrs. Gano, the defendant, flatly refused to sign any of these instruments and refused to complete the settlement, and discharged the plaintiff as her attorney and refused to pay him for the services he had rendered.

Why defendant refused to finally complete the settlement with her husband and execute the deeds and other writings we are unable to determine from the record. She testified: "I signed that agreement but did not accept the terms because they were not carried out. . . . I told him (plaintiff) I positively would not accept the terms there set out and I certainly told him why."

The court found, among other things, "that in all of his dealings with the defendant, the plaintiff carefully and at all times followed the instructions of his client and in all ways endeavored to secure for the defendant the things she informed him she wanted, and was in all respects diligent, fair and honorable in all his dealings with her, and in no manner took advantage, or attempted to take any advantage of her whatever".

The evidence is conflicting, but there is ample substantial evidence to support the above finding as well as all the other findings made by the trial court.

Plaintiff's original complaint was filed February 11, 1926, and was in two counts, the first based upon a breach of the contract of employment, the second for the reasonable value of the services rendered. To this complaint and both counts thereof defendant filed an answer denying all the material allegations of both counts of the complaint. Thereafter and on September 27, 1927, plaintiff filed an amended complaint based solely upon the breach of the contract of employment, but with more elaborate averments than the original. To this amended complaint a similar answer as that made to the first count of the original complaint was filed.

The case went to trial upon these two last-named pleadings. Near the close of the trial, the plaintiff was permitted to amend his amended complaint by adding thereto a cause of action based on a *quantum meruit*, similar to the second cause of action in the original complaint. The court

based its judgment entirely upon this added cause of action. The allowance of this amendment is the principal ground relied upon for a reversal. We find no merit in the contention.

Amendments under our practice are liberally allowed, and in the main that matter rests within the discretion of the trial court. Such amendments may be made to a complaint either during the trial or after the evidence is all in.

An amendment to conform to the proof may always be made, provided the cause of action is not thereby changed. (*Hancock* v. *Board of Education*, 140 Cal. 554 [74 Pac. 44]; *Donian* v. *Danielian*, 90 Cal. App. 675 [266 Pac. 817].)

The amendment in this case conformed to the proof and did not change the cause of action. It is clear that the added count to the amended complaint refers to the same transaction. Our courts have held often that an amendment which changes the count from one upon an express contract to one upon *quantum meruit* does not *substitute a new cause of action*. (*Merchant's Collection Agency* v. *Gopcevic*, 23 Cal. App. 216 [137 Pac. 609]; *Cox* v. *McLaughlin*, 76 Cal. 60 [9 Am. St. Rep. 164, 18 Pac. 100]; *Turner* v. *Bauer*, 28 Cal. App. 311 [152 Pac. 308].)

We fail to see how defendant could have been prejudiced by the allowance of the amendment, because such an amendment was unnecessary. All the facts required to support a judgment upon a *quantum meruit* are found in the complaint before the amendment in question was added, or, in other words, the complaint, as it stood before the amendment complained of, would support a judgment either for a breach of the contract or upon a *quantum meruit*.

There is likewise no merit in the claim that the findings and judgment are not supported by the evidence. The evidence is not only amply sufficient to support the judgment rendered, but it would have also supported a substantial judgment on the theory of a breach of contract.

It is clear that plaintiff was discharged by the defendant without cause and before the full measure of service contemplated by the written agreement had been performed. Under these conditions, plaintiff would not be required to allege or prove the reasonable value of the ser-

vices, which he was not permitted to perform, but would be entitled to recover the full amount called for in the contract. (*Countryman* v. *California T. Co.*, 35 Cal. App. 728 [170 Pac. 1069].)

Appellant contends that the court erred in the admission and rejection of certain testimony but fails to point out wherein the action of the court is deemed erroneous. We cannot be expected to prosecute an independent inquiry for error upon which the appellant may possibly be relying. We will notice only those assignments pointed out and argued in the briefs. All others will be deemed waived or abandoned. We find no merit whatever in the appeal.

Judgment affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.