[Civ. No. 6682. Third Dist. Sept. 17, 1942.]

CRISPINO VILARDO, Appellant, v. COUNTY OF SACRAMENTO, Respondent.

414

Busick & Busick, McAllister & Johnson and O. F. Meldon for Appellant.

Otis D. Babcock, District Attorney, and William A. Green, Assistant District Attorney, for Respondent.

ADAMS, P. J.—This is an appeal from a judgment of the Superior Court of Sacramento County, sustaining a demurrer to the complaint without leave to amend, in an action to annul a judgment in another action between the same parties.

The complaint in the case before us, filed April 20, 1939, alleges that an action brought by Vilardo against the county of Sacramento, in the Superior Court of the State of California, in and for the County of Sacramento, was tried before Honorable Peter J. Shields, Judge of said superior court, and that on January 10, 1939, a judgment was entered therein in favor of the county adjudging that it was the owner of a public easement for road purposes over a strip of land therein described, and that plaintiff's claim that said defendant, county of Sacramento, had no estate, right, title, or interest therein was not true.

Said complaint further alleges that at the time of the trial of the aforesaid cause and the rendering of judgment therein "without any knowledge on the part of this plaintiff, said Honorable Peter J. Shields, Judge of said Court, presiding and acting as such upon said trial, was related by consanguinity within the third degree, computed according to the rules of law, to Charles W. Deterding, Jr., County Executive

and Purchasing Agent of the County of Sacramento, an officer and/or agent of said defendant, County of Sacramento"; also, "that plaintiff in said action, nor the attorney for plaintiff, never signed and filed in said action, a stipulation in writing, waiving the disqualification mentioned in subdivision 3 of section 170 of the Code of Civil Procedure of the State of California"; that said Judge Shields, at all of said times, was disqualified to sit or act as such Judge in said action, and that plaintiff had no knowledge or information whatsoever prior to February 16, 1939, of the fact that said Judge "was related within the third degree by consanguinity, computed according to the rules of law, to an officer and/or agent of defendant"; that on a motion for a new trial the objection "hereby made to the power or right of said Peter J. Shields, to hear and determine said action," was submitted to the court, and thereafter, on February 17, 1939, said motion for a new trial was denied; and that the judgment in said action was and is void "because of the said disqualification of the said trial judge to sit or act in said action." Judgment vacating and holding void the judgment in the former action was prayed.

To said complaint defendant county of Sacramento filed a general demurrer together with a memorandum of points and authorities; plaintiff filed his points and authorities, the cause was argued, and thereafter the court made an order sustaining defendant's demurrer without leave to amend. Judgment for defendant followed and plaintiff has appealed.

Appellant here contends that the complaint states a cause of action and that, in any event, the trial court erred in sustaining defendant's demurrer without leave to amend. We shall consider the latter contention first.

 The granting or denying of leave to amend rests in the discretion of the court; and a plaintiff waives a charge of abuse of discretion in sustaining a demurrer without leave to amend when he fails to ask such leave. (*O. A. Graybeal Co.* v. *Cook*, 16 Cal. App. (2d) 231, 233 [60 P. (2d) 525] ; *Buckley* v. *Howe*, 86 Cal. 596, 605 [25 Pac. 132] ; *Hogan* v. *Horsfall*, 91 Cal. App. 37 [266 Pac. 1002] ; *Gertridge* v. *State Capital Co.*, 129 Cal. App. 86 [18 P. (2d) 375] ; *Allen* v. *Stellar*, 106 Cal. App. 67, 73 [288 Pac. 855].)

No request for leave to amend was made by plaintiff in the instant case. In his points and authorities filed in the trial court he did state:

"The authorities cited by defendant, state a rule of plead-

ing which is academic, and is not questioned by plaintiff; but these cases are not applicable to the complaint before the court.

"The rule, as established by these cases, is the well known rule that 'pleadings should allege facts and not mere conclusions of law.' If plaintiff's complaint does not conform to this rule, we have no objection to the court sustaining the demurrer and allowing plaintiff a reasonable time to amend, but we are satisfied that plaintiff's complaint does conform to this rule, and does allege 'facts' and not mere 'conclusions of law.' "

This was not, in our opinion, a request for leave to amend; and no amendment or amended complaint was tendered. ██ Also, the ruling of a court either granting or refusing an amendment is subject to review only when it is apparent that there has been an abuse of discretion. (*Wixon* v. *Devine,* 91 Cal. 477 [27 Pac. 777]; *Miner* v. *Rickey,* 5 Cal. App. 451 [90 Pac. 718]; *Hanna* v. *Hirschhorn,* 112 Cal. App. 438 [296 Pac. 891]; *McCully* v. *Gano,* 116 Cal. App. 695 [3 P. (2d) 348]; *College Nat. Bank.* v. *Morrison,* 100 Cal. App. 403 [280 Pac. 218]; *Reay* v. *Reay,* 97 Cal. App. 264 [275 Pac. 533]; *Elaterite etc. Co.* v. *Chamberlin, etc. Co.,* 97 Cal. App. 304 [275 Pac. 523]; *Mays* v. *Wann,* 96 Cal. App. 760 [274 Pac. 1020].)

██ Assuming, in view of the recent decision of the Supreme Court in *Wennerholm* v. *Stanford Univ. School of Medicine,* 20 Cal. (2d) 713, 718 [128 P. (2d) 522), that the question of whether the trial court, in sustaining the demurrer to plaintiff's complaint, abused its discretion, is open on appeal, though no request was made for leave to amend, we are of the opinion that there was no abuse of discretion. The demurrer interposed was a general one, and challenged the sufficiency of the complaint to state a cause of action. Plaintiff is presumed to have stated his case as strongly as it can be stated. (*Higgins* v. *Security Trust etc. Bank,* 203 Cal. 398, 401 [264 Pac. 744]; *Tehama County* v. *Pacific Gas & Elec. Co.,* 33 Cal. App. (2d) 465, 469 [91 P. (2d) 936]; *Lamson Co., Inc.* v. *Jones,* 134 Cal. App. 89, 91 [24 P. (2d) 845]; *Goodfellow* v. *Barritt,* 130 Cal. App. 548, 556 [30 P. (2d) 740].)

██ The only allegation of any ground for disqualification of the trial judge is that, "Said Honorable Peter J. Shields, Judge of said Court, . . . was related by consanguinity within the third degree, computed according to the rules of law, to Charles W. Deterding, Jr., County Executive and

Purchasing Agent of the County of Sacramento, an officer and/or agent of said defendant, County of Sacramento."

Section 170 of the Code of Civil Procedure, at the time of the trial, provided that no judge shall sit or act as such in any proceedings:

"3. When he is related to either party, or to an officer of a corporation, which is a party, or to an attorney, counsel, or agent of either party, by consanguinity or affinity within the third degree computed according to the rules of law. . . ."

Has plaintiff alleged that the trial judge was related within the said third degree either to "an officer of a corporation, which is a party," or to "an attorney, counsel or agent" of a party?

The complaint alleges that the county of Sacramento is "a political subdivision and body corporate of the State of California"; and it is contended that relationship to "an officer of a corporation, which is a party" is therefore sufficiently alleged.

We are of the opinion, however, that the county of Sacramento is not a "corporation" within the meaning of section 170, *supra*. In *Estate of Miller*, 5 Cal. (2d) 588, 597 [55 P. (2d) 491], the court held that a county is not a corporation at all, but a legal subdivision of the state, charged with governmental powers; and the well-settled principle of law is also enunciated there, that in the absence of express words to the contrary, neither the state nor its subdivisions are included within the general words of a statute. That a county is not included in the term "corporation" as used in section 170, *supra*, seems obvious from the fact that a superior judge, himself an officer of a county, is not for that reason disqualified to sit in a case in which such county is a party, though under the construction contended for by plaintiff, he would be disqualified if he were related in the prohibited degree to some other officer or to an agent of the county.

Does the complaint then show disqualification of the Judge because of relationship to "an attorney, counsel or agent" of a party when it alleges relationship to "Charles W. Deterding, Jr., County Executive and Purchasing Agent of the County of Sacramento, an officer and/or agent of said defendant, County of Sacramento"? The foregoing allegation is not an allegation that Deterding is an agent of the county, but is merely a recital description of him.

It is elementary that a pleading must allege facts and not conclusions; and, that conclusions of law are not admitted

by demurrer, is well established. (*Fox* v. *Monahan,* 8 Cal. App. 707 [97 Pac. 765]; *Buttner* v. *Kasser,* 19 Cal. App. 755, 758 [127 Pac. 811]; *Fisher* v. *Fisher,* 23 Cal. App. 310, 313 [137 Pac. 1094]; *Moran* v. *Bonynge,* 157 Cal. 295 [107 P. (2d) 312].) ▇▇ Also, Deterding is ambiguously described as an "officer and/or agent" of the county. There is no direct affirmative allegation that he is or was an "agent" of defendant county.

▇▇ Material facts must be alleged directly and not by way of recital. (*Philbrook* v. *Randall,* 195 Cal. 95, 103, 104 [231 Pac. 739]; *Silvers* v. *Grossman,* 183 Cal. 696, 700 [192 Pac. 534]; *Hauser* v. *Pacific Gas & Elec. Co.,* 133 Cal. App. 222, 225 [23 P. (2d) 1068].) ▇▇ But aside from these defects in the pleadings, it is not alleged that in the capacity of "County Executive and Purchasing Agent", Charles W. Deterding, Jr., had anything to do with the matters involved in the prior action, or that he was in any way interested therein. It has been held that no disqualification exists where one related to a judge within the prohibited degree is involved in an action but has no interest in the success of either party. (14 Cal. Jur. 815.) It would seem to follow that no disqualification would exist where one so related to the judge is neither involved in the action nor interested therein.

The "County Executive" of Sacramento County, as provided in the charter (Stats. of 1933, p. 3095), is an "officer" of the county. The charter also provides for the appointment of certain other "officers", among them a "Purchasing Agent", who is paid no compensation as such, the position being combined with County Executive. (Stats. of 1933, p. 3101.) The duties of "Purchasing Agent" are defined by the charter (Stats. of 1933, pp. 3104-5) and have to do only with the purchase and sale of personal property for the county or its boards or commissions.

▇▇ The mere fact that an officer of a county may be designated also as a purchasing "agent", does not, in our opinion, bring him within the meaning of the word "agent" as used in the phrase "attorney, counsel, or agent" of a party in section 170, *supra;* ▇▇ nor does a mere allegation in a complaint that a judge is related to the ":County Executive and Purchasing Agent . . ., an officer and/or agent of said defendant" within a prohibited degree, state a valid ground of disqualification of such judge to sit in a case in which the county is a party, especially a case involving only the ownership of

an easement for a public road with which the "Purchasing Agent" would have nothing to do, control over litigation of the county being in the hands of the board of supervisors. (§ 4041.22, Pol. Code.)

Also, under the rule of *noscitur a sociis* the meaning of a word may be enlarged or restrained by reference to the object of the whole clause in which it is used. (25 R. C. L. 995.)

Therefore the word "agent", as used in the foregoing phrase, should be construed in connection with the words "attorney" and "counsel" with which it is associated, and should be applied with the same limitations applicable to them. It could hardly be contended that the fact that a judge was related to an attorney who was counsel for the county in some one action, would disqualify such judge to sit in every other case to which the county might be a party when represented by entirely different counsel. Under subdivision 4 of section 170, a judge who has himself been an attorney or counsel for a party in proceedings involving different issues, is not disqualified if he has not been attorney or counsel in the action or proceeding before the court, nor given advice to any party upon the matter involved therein, nor been employed as attorney or counsel for any party within two years prior to the commencement of the action. (Also see *Cleghorn* v. *Cleghorn,* 66 Cal. 309 [5 Pac. 516] ; *Fortson Shingle Co.* v. *Skagland,* 77 Wash. 8 [137 Pac. 304] ; *Harjo* v. *Chilcoat,* 146 Okla. 62 [294 Pac. 119] ; *Reeve* v. *Jahn,* 9 Cal. (2d) 244 [70 P. (2d) 610].) Likewise, the fact that one might be an agent for a county in regard to certain matters, would not disqualify a judge to whom he was related, from sitting in every case to which such county might be a party; and it is not alleged here that the "County Executive and Purchasing Agent" was agent of the county in connection with the matters involved in the former action.

The principle upon which disqualification of judges is based is that no man ought to be a judge in his own cause, or in one in which he is so interested that his judgment might be influenced. It would be going to absurd lengths, and would place an unreasonable construction upon section 170, *supra,* to hold that the mere relationship of a judge in a prohibited degree to any one of the numerous attorneys, counsel or agents that might be employed by a county or a state, would disqualify him in every case to which the county or state might be a party. The phrase as used in subdivision 3 of the section should be limited to "an attorney, counsel or

agent of a party to the action,'' in the action before the court, or there should be some showing that such attorney, counsel or agent was interested in the results of such action.

For the foregoing reasons the complaint failed to state a cause of action, and the judgment of the trial court is therefore affirmed.

Schottky, J. pro tem., and Thompson, J., concurred.