[Crim. No. 19410. Second Dist., Div. Two. June 18, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT EARL STOUT, Defendant and Appellant.

## COUNSEL

Berrien E. Moore and Kenneth Scholtz for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Frederick R. Millar, Jr., Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**ROTH, P. J.**—This is an appeal from a judgment convicting Robert Earl Stout of the misdemeanor of possessing and exhibiting obscene matter in violation of section 311.2, subdivision (a), of the Penal Code.

Appellant stipulated in the trial court that the film exhibited by him is "obscene according to the latest expression of the California Supreme Court and the United States Supreme Court." The stipulation is amply supported by the record which shows that the film in question constituted hard core pornography. In view of appellant's concession, and the fact that his contentions on appeal are directed at various alleged constitutional shortcomings of section 311.2, it is unnecessary to detail the depravities which appellant was exhibiting to the public.

 Appellant invokes *Stanley* v. *Georgia,* 394 U.S. 557 [22 L.Ed.2d 542, 89 S.Ct. 1243], in an attempt to invalidate section 311.2 of the Penal Code on the rationale that it is not "limited to commercial or public dissemination to non-consenting adults or to minors." *People* v. *Luros,* 4 Cal.3d 84 [92 Cal.Rptr. 833, 480 P.2d 633], rejects this argument. There is a constitutionally mandated difference between the commercial distribution of obscenity and the private possession of obscene material. (*People* v. *Luros, supra,* at p. 91.) Prohibition of the former remains a valid exercise of governmental power (*Roth* v. *United States,* 354 U.S. 476 [1 L.Ed.2d 1498, 77 S.Ct. 1304]) while proscription of the latter is an infringement

upon the individual's right to benefit from the free dissemination of ideas under the First Amendment. (*Stanley* v. *Georgia, supra,* 394 U.S. at p. 565 [22 L.Ed.2d at p. 549].) "States retain broad power to regulate obscenity and regulation of the public distribution of obscenity falls well within the broad scope of that power." (*People* v. *Luros, supra,* at p. 93.) Section 311.2 is directed against the distribution or, as in the case at bench, the exhibition of obscene material. It is legislation which meets the constitutional tests. (*People* v. *Luros, supra.*) Appellant's argument is without merit.[1]

■ Appellant next attacks section 311.2 on the grounds that the definitional subdivision (a) (2) of section 311 thereof incorporates an "overly broad interpretation of pandering."

As the Attorney General correctly points out, this contention presents a purely hypothetical challenge to section 311.2. The gist of subdivision (a) (2) of section 311 is to declare "probative" on the issue of "redeeming social importance" circumstances in the "production, presentation, sale, dissemination, distribution, or publicity" of the allegedly offending material. By stipulation, the question of "redeeming social importance" (§ 311, subd. (a)) has been removed from this case: it is, in terms of the stipulation, obscene according to the latest expression of both the California, and the United States Supreme Courts. Even more damaging to appellant is the fact that the prosecution simply did not avail itself of subdivision (a) (2): no evidence of "pandering," that is to say, advertisement was introduced, on the contrary, the only evidence on this point was that there was no public announcement of any kind respecting the movie shown. We are disinclined, even if we had the power to do so, to anticipate future challenges to subdivision (a) (2) or to fashion rules broader than those required to dispose of the appeal at bench. (*United States* v. *Raines,* 362 U.S. 17, 21 [4 L.Ed.2d 524, 529, 80 S.Ct. 519].) An appellate court does not deal in academic questions. (*Keefer* v. *Keefer,* 31 Cal.App.2d 335, 337 [87 P.2d 856].)

■ A contention identical in complexion to the foregoing is that the

---

[1]Appellant, as did the defendant in *Luros,* seeks to rely on three federal cases: *Stein* v. *Batchelor* (N.D. Tex. 1969) 300 F. Supp. 602; *United States* v. *Lethe* (E.D. Cal. 1970) 312 F.Supp. 421 and *Karalexis* v. *Byrne* (D. Mass. 1969) 306 F.Supp. 1363. The decisions of lower federal courts are, of course, not binding on either the California Supreme Court or this court (*People* v. *Bradley,* 1 Cal.3d 80, 86 [81 Cal.Rptr. 457, 460 P.2d 129]) and for this reason, if not only the highly persuasive grounds that they were simply wrongly decided in terms of *Stanley* itself, that the *Luros* court declined to follow the latter two, and by clear implication, the first case, as well. (*People* v. *Luros, supra,* at p. 90, fn. 8.) *Stein* and *Karalexis* have been vacated by the United States Supreme Court since *Luros* has been decided. (*Stein* v. *Batchelor, supra,* vacated *sub nom. Dyson* v. *Stein,* 401 U.S. 200 [27 L.Ed.2d 781, 91 S.Ct. 769]; *Byrne* v. *Karalexis,* 401 U.S. 216 [27 L.Ed.2d 792, 91 S.Ct. 777].)

seizure of the film at bench, and the statutory authority therefor, violates the Constitution in that there was no "prior adversary hearing whether or not the film is obscene." The complete answer to this argument is that there was no seizure of film. This is not an appeal presenting the issue of prior restraint, but rather one involving a criminal conviction under section 311.2 of the California Penal Code. Even according to the federal authority which appellant seeks to invoke under facts as at bench, where there was no seizure of allegedly offending material, the question of prior restraint simply does not arise. (*Miller* v. *United States* (9th Cir. 1970) 431 F.2d 655, 657.)

Finally, appellant seeks to escape the ambit of section 311.2 by contending that he was merely a "motion picture operator or projectionist" and is thus exempt from section 311.2 by virtue of subdivision (b) thereof.[2]

The trial court was presented with this issue and entered specific oral findings thereon. Our review of the record shows that these findings were well supported by the evidence and we adopt them *in haec verba*:

". . . it would be easy for someone to evade the law simply by putting in the hands of a projectionist all the functions that go with the operation and then calling him a projectionist. I think I agree with Mr. Higgins [deputy district attorney] that the record in this case shows that the defendant was more than a projectionist. He was the only one there to supervise the operation on behalf of the owner. He charged admissions, he collected the money, he took the responsibility for safekeeping the money, he had a bank of his own for it. When he left the place, he took the money with him. He supervised the physical surroundings, he checked the temperature of the theater, he oversaw the theater while the projector was running itself. It seems to me he was in effect in charge of the entire operation, and these are all tokens of management. I have read the transcript and I come to the conclusion that the defendant is not within the exception of Paragraph (b) of Section 311.2 of the Penal Code."

The thrust of appellant's argument is that the activities which he concededly engaged in—and which appear in the trial judge's summary quoted above—were such as may reasonably be expected to be within the scope of a *motion picture operator's* duties and that he therefore falls within the exception created by subdivision (b) of section 311.2.

[2]Section 311.2, subdivision (b): "The provisions of this section with respect to the exhibition of, or the possession with intent to exhibit, any obscene matter shall not apply to a motion picture operator or projectionist who is employed by a person licensed by any city or county and who is acting within the scope of his employment, provided that such operator or projectionist has no financial interest in the place wherein he is so employed."

We disagree with appellant's interpretation of the statute. "Motion picture operator" is stated in the alternative to "projectionist" and is clearly in close association with the latter term. In terms of applicable canons of statutory construction, . . . "under the rule of *noscitur a sociis* the meaning of a word may be enlarged or restrained by reference to the object of the whole clause in which it is used." (*Vilardo* v. *County of Sacramento,* 54 Cal.App.2d 413, 420 [129 P.2d 165].) The legislative history of this subparagraph, adduced by appellant, fortifies our conclusion that "motion picture operator" is to be understood in terms of the associated word "projectionist," just as in *Vilardo, supra,* "agent" was to be interpreted in terms of the associated words "attorney" and "counsel." (*Id.* at p. 420.) Thus, in 1968, the relevant term read "motion picture machine operator" and there was no reference to "projectionist"; the section was amended in its present form in 1969 and the Legislature made no attempt to broaden the exemption created in the statute beyond the "motion picture operator" but, on the contrary, further refined the definition of the exempted class by adding, in the alternative, "projectionist," a term not susceptible to misinterpretation. Contrary to appellant's argument, the trial court's ruling therefore did not create a "judicial exception" to the statute, but merely gave it the interpretation intended by the Legislature. (See generally, *People* v. *Mutch,* 4 Cal.3d 389, 394 [93 Cal.Rptr. 721, 482 P.2d 633].)

Since appellant was, in the Attorney General's words, variously a cashier, janitor, and "complaint taker"—in addition to being a projectionist—it is unnecessary for us to reach the question whether. he had a "financial interest" in the place of his employment and was thus subject to section 311.2, subdivision (b), by virtue of the rule therein created which subjects even projectionists to the section if they have a "financial interest" in the place.

There would be no better way to make a mockery out of section 311.2 of the Penal Code than to dub every purveyor of hard core pornography a "projectionist." We are disinclined to countenance such sophistry.

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 13, 1971. Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.